IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES DRAIN and RACHEL DRAIN, *et al.*,

        Plaintiffs,

vs.

        Civ. No. 04-0399 MV/KBM

WELLS FARGO BANK, MINNESOTA, NA, as TRUSTEE for ITLA MORTG., LOAN SECURITIZATION 2002-1,LLC, and ACCREDITED HOME LENDERS INC., and FAIRBANKS CAPITAL CORP., UTAH and its Director, BASMAJIAN T. DOYLE,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Basmajian's Motion to Dismiss, filed October 15, 2004, **[Doc. No. 35]**. The Court, having considered the motion, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED in part.**

### DISCUSSION

Defendant Basmajian hereby moves to dismiss the claims against him for failure to properly serve pursuant to Fed. R. Civ. P. 4 or, in the alternative, for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), for failure to comply with the pleading requirements set forth in Fed. R. Civ. P. 8, and for failure to plead fraud with the particularity required by Fed. R. Civ. P. 9. Plaintiffs did not file a timely response to Defendant Basmajian's motion to dismiss. Failure to file and serve a response in opposition to a motion within the time

prescribed for doing so constitutes consent to grant the motion.  D.N.M.LR-Civ. 7.1(b).  Plaintiffs are therefore deemed to have consented to the relief requested in Defendant Basmajian's motion.

The record before the Court demonstrates that Plaintiffs have failed to properly effectuate service on Defendant Basmajian.  Plaintiffs filed their complaint on April 12, 2004.  Plaintiffs apparently mailed a copy of the complaint and summons to Defendant Basmajian by United States mail on or about April 19, 2004.  *See* Certificate of Service, filed June 15, 2004, [Doc. No. 9].  Under the Federal Rules of Civil Procedure, a complaint served by mail must be accompanied by a request that the defendant waive service of a summons.  *See* Fed. R. Civ. P. 4 (c) & (d).  If the defendant refuses to waive service of a summons, the plaintiff must effect personal service of the complaint and summons on the defendant.  *See* Fed. R. Civ. P. 4(d).  Failure to effectuate service of the summons and complaint within 120 days supports dismissal of the claims against the improperly served defendant unless the plaintiff shows "good cause" for the failure.  *See* Fed. R. Civ. P. 4(m).

Plaintiffs' certificate of service states that they mailed a copy of the complaint and summons to Defendant on or about April 19, 2004.  There is no evidence in the record that Plaintiffs requested a waiver of service of a summons or that, failing to receive a waiver of service of a summons, effectuated personal service on Defendant Basmajian within the 120 days provided by Rule 4(m).  Thus, Plaintiffs have failed to effectuate service in accordance with Rule 4(e)(2).

Rule 4(e)(1), however, provides that service also may be effected in the manner authorized in the state in which the district court is located or the state in which service is effectuated.  *See* Fed. R. Civ. P. 4(e)(1).  The Court therefore must determine if mailing a complaint and summons to Defendant Basmajian was sufficient to effectuate service under New Mexico law.

New Mexico's procedural rules authorize a plaintiff to mail a summons and complaint by first-class mail, postage prepaid, to the person to be served, together with (2) copies of a notice and acknowledgment and a self-addressed stamped envelope. *See* Rule 1-004(E) NMRA.  The acknowledgment form contains an area for the person to be served to acknowledge receipt and return the form.  *Id.*   If the person to be served does not acknowledge receipt and return the form within twenty days, the plaintiff must effect service of process in person.  *See* Rule 1-004(E).

There is no evidence that Plaintiffs complied with these requirements.  While Plaintiffs attempted service by mail, there is no evidence that an acknowledgment was signed by Defendant Basmajian in the form required by New Mexico's rules.  When no acknowledgment was received within twenty days in the appropriate form, Plaintiffs were required to proceed with personal service as required by New Mexico law.

Based on an examination of federal and state law, as well as the contents of the Court file, the Court concludes that Plaintiffs failed to effect proper service of process on Defendant Basmajian within the time provided by law.  Plaintiffs have shown no good cause for their failure to effect proper service and, consequently, Plaintiffs' claims against Defendant Basmajian will be dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Basmajian's Motion to Dismiss, filed October 15, 2004, **[Doc. No. 35],** is **GRANTED in part**.  Plaintiffs' claims against Defendant Basmajian are **DISMISSED** without prejudice for failure to effectuate service under Fed. R. Civ. P. 4.  In all other respects, Defendant Basmajian's motion is denied.

Dated this 14th day of January, 2005.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE