IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES DRAIN AND RACHEL DRAIN,

        Plaintiffs,

    vs.                                     CIV 04-399 MV/KBM

WELLS FARGO BANK, MINNESOTA, NA, et al.

        Defendants.

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO COMPEL

THIS MATTER is before the Court on the Motion to Compel *(Doc. 60)* filed by Defendant American Home Lenders, Inc. ("AHL"). The Court has reviewed the motion and the memoranda submitted by the parties as well as the relevant authorities. The Court finds that the motion is well taken and will be granted.

Following a scheduling conference, I entered an order directing Plaintiffs to send their required initial disclosures by December 22, 2004. AHL's motion to compel asserts that Plaintiffs' have failed to submit the disclosures required under D.N.M.LR-CIV. 26.3(d). In response, Plaintiffs contend that the obligation under D.N.M.LR-CIV. 26.3 to provide releases for medical records and information regarding Plaintiffs' physicians does not apply to this case. I disagree.

Paragraph 3 of the Claim for Relief set forth in the Amended Complaint provides:

> Plaintiffs, their persons and their family including their children have suffered emotional distress, pain and sufferings and mental anguish as a result of Defendants unlawful actions. Plaintiffs have suffered

> damages, pecuniary, emotional distress, depression, drastic and
> severe weight loss, loss of consortium and goodwill as results of
> Defendants unlawful actions, and are [sic] the injuries are still
> growing and continuing.

*Doc. 11* at 8. Clearly Plaintiffs are seeking damages for emotional injuries beyond those characterized as "garden variety" aggravation. By so seeking, they indeed have triggered the disclosure requirements of our local rule.

Counsel for Plaintiffs, Gany Mike Bello, next contends that application of D.N.M.LR-CIV. 26.3 would be inconsistent with the Federal Rule of Procedure, presumably Rule 26 which governs initial disclosures and with Rule 35 which addresses mental examinations. Neither of these arguments has merit. Defendants have not yet requested that Plaintiffs undergo any type of examination covered by Rule 35. As to the alleged inconsistency of our local rule and FED. R. CIV. P. 26, District Judge William P. Johnson previously noted and firmly rejected Mr. Bello's similar objections in *Wheeler v. American Heritage*, CIV04-271 WJ/LFG, *Doc. 53* at 3 (dismissing case as sanction for non-compliance with discovery obligations and orders of the court).

Finally, Plaintiffs baldly assert that our district's local rule requiring a "blanket" release for medical records constitutes a violation of their privacy rights protected by the First Amendment to the Constitution and laws of New Mexico. To the contrary, Plaintiffs have made their medical records relevant in these proceeding by seeking damages for alleged serious injuries to their psyches. By placing those matters at issue, Defendants are entitled as a matter of fairness to discovery on those issues, and that discovery is secured by D.N.M.LR-CIV. 26.3. If Plaintiffs

seek to invoke such a privacy right and avoid the dictates of the local rule, they can do so by unambiguously withdrawing any claims for such damages.

As mentioned above, Mr. Bello made these same arguments in *Wheeler v. American Heritage*, CIV04-271 WJ/LFG, and the rulings in that case, also based on statutory consumer laws, should have left no doubt of the Drains' obligation to provide the initial disclosures sought in the present motion to compel.  A review of the documents filed in the *Wheeler* case demonstrate that Chief Magistrate Judge Lorenzo F. Garcia in pains-taking detail reviewed for counsel the mandates of the local rule and of the federal rules of civil procedure:

> THE COURT: Mr. Bello, my reason for inquiring is that when there are requests for physical, mental or emotional damages, there is a second disclosure requirement applicable under the District of New Mexico's local rules. The rule provides in Rule 26 that when you make a claim for physical, mental or emotional injury, a plaintiff has two additional obligations. The first is to provide a five-year treatment history. Your plaintiffs must -- or your plaintiff must disclose each and every health care provider which your plaintiff has seen for any reason in the preceding five years. The health care provider needs to be identified by name, address and telephone number.  Secondly, the plaintiff must execute a medical release form that will authorize release of both physical and psychological records, if there is a claim for psychological damage. Mr. Pool, do you have medical release forms that you wish to use that are HIPA compliant?
>
> MR. POOL: I do, Your Honor.
>
> THE COURT: Will you get those over to Mr. Bello?
>
> MR. POOL: Yes, sir.
>
> THE COURT: Mr. Bello, you'll be required to have those signed and returned within ten days from your receipt of the medical release forms. However, the disclosures must be made within ten days, and what I mean by that is obtain from your client a list of

-3-

> health care providers which your client has seen and get that list
> over to Mr. Pool.

*Transcript of May 21, 2004 Rule 16 Conference* at 15-16.

Because this directive was not followed, Magistrate Judge Garcia explained why imposing

sanctions in the amount of $2,000 against Mr. Bello personally was appropriate:

> It was necessary for the Court to explain federal rules and the local
> rules to Bello, and to explain explicitly and clearly what information
> his client needed to provide and why. Even with these
> explanations, Bello simply failed to comply. He took no appeal
> from the portion of the Court's order directing compliance. He
> ignored obligations imposed on him by court rules and instead
> sought to claim that there was no obligation for him to comply. His
> arguments are not supported by case law. *See, e.g.*, *LeFave v.*
> *Symbios, Inc.*, *supra*) (in a Title VII case where plaintiff sought
> damages for "pain and suffering, emotional trauma, and . . .
> humiliation," her medical history and records were relevant and
> discoverable, including treatment history for five years).
>
> * * *
>
> Here, it is clear that the failure to comply was due to counsel's
> failure to understand, appreciate and comply with the federal rules,
> the local rules and the Court's directive. Bello's statements at the
> Rule 16 conference and at the show cause hearing demonstrate a
> clear lack of understanding concerning the rules of procedure and
> an attorney's obligations to follow the rules and the directives of
> the Court. There is no evidence to show that the non-compliance
> was due in any way to Wheeler. Thus, it would be unfair to impose
> a sanction on her when she has put her faith and trust in her
> attorney and her attorney has failed to comply with his own
> obligations to his client and to the Court. The Court concludes that
> the sanction should be imposed on Bello.

*Doc. 34* at 6-7. Ultimately in *Wheeler*, District Judge Johnson found that "no sanction short of

dismissal will be effective in compelling Plaintiff and her attorney to comply with their

obligations." *Doc. 53* at 4.

-4-

I mention the *Wheeler* case only in an attempt to avoid the same result in this litigation. To the extent that Plaintiffs may have made the objections to preserve their position on appeal, that has been accomplished.  Now is the time for Plaintiffs and their attorney to comply with this Court's directive to provide what it has determined to be the required initial disclosures.  Plaintiffs are cautioned that any further failure to fully comply with the orders set forth below will result in an order to show cause.

Wherefore,

IT IS HEREBY ORDERED as follows:

(1)  The Motion to Compel filed by Defendant AHL  *(Doc. 60)* is **granted**.  Plaintiff shall immediately and fully provide Defendant AHL with the medical information, medical records and HIPA-compliant form medical release as required by D.N.M.LR-CIV. 26.3 to support the claims pertaining to Plaintiffs' alleged emotional injuries;

(2)  The Court will take under advisement Defendant AHL's request for attorney fees.  If Plaintiffs do not provide the disclosures identified above by March 16, 2005, the Court will issue an order to show cause why the request for attorney fees should not be granted, and to explore whether further sanctions, including possible dismissal of the action, are required to assure compliance with the rules and orders of this district court.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); and

(3)  Plaintiffs' counsel shall file a certification that he delivered a copy of this Memorandum Opinion and Order to his clients and fully discussed with them the issues addressed herein, especially the possibility of sanctions including dismissal with prejudice if they knowingly and willfully fail to comply with the orders of the Court and its rules.

_____
UNITED STATES MAGISTRATE JUDGE