IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES DRAIN AND RACHEL DRAIN,

        Plaintiffs,

vs.                                  CIV 04-399 MV/KBM

WELLS FARGO BANK, MINNESOTA, NA, et al.

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Motions to Require Written Communications Only Between Opposing Counsel filed by Defendant American Home Lenders, Inc. *(Doc. 83)* and Defendants Fairbanks Capital and Wells Fargo Bank *(Doc. 75)*. Plaintiffs have filed a "Response and Objections" to the motions. The Court finds that no further reply briefing is required for its decision. Having reviewed the motions and the memoranda submitted by the parties, the Court finds that the motions are well taken and will be granted.

In the normal course of litigation, I would be loathe to even consider a request such as that presented in the motions. I have always encouraged attorneys to begin and continue oral communications, not only by telephone but in person. Such oral discussions are usually more cost effective, a better use of resources and often result in the resolution of disputes without court intervention.

Here, however, I believe that oral communications are actually interfering with the orderly processing of this case to a degree I've never before encountered. At virtually every hearing

and conference, as well as in most if not all of the pleadings, Plaintiffs's attorney has repeatedly accused defense counsel of unprofessional and unethical conduct.  Even in their response to the present motions, Plaintiffs refer to the statement within one of the motions that "Counsel for Plaintiffs was contacted (by facsimile) regarding this motion and responded (by facsimile) that this motion was opposed."  *See Doc. 75* at 2.  Plaintiffs contend that this statement

> is another additional evidence of Defendants attorneys [sic] misrepresentation of facts, law and evidence in its presentation to this Court. . . .  Defendants and their attorneys continue to present incomplete and half evidences [sic], while concealing or conveniently misrepresenting the other half with impunity in its presentation to this Court.

*Doc. 85* at 1.  However, Plaintiffs' counsel has attached a copy of his facsimile response to the present motion which clearly states, **"We do not consent to written communications only."** *Doc. 85* at Exh. A.  I am at a total loss to see how Plaintiffs believe that Defendants have misrepresented their position as to the motion.

Moreover, Defendants assert that "telephonic and in-person conversations with counsel for the plaintiffs have become increasingly drawn-out and non-productive."  *Doc. 75* at 1.  Indeed, in my limited interactions with counsel, Plaintiff's attorney seems to feel that even housekeeping matters require a detailed discussion of the merits of his clients' claims.  Finally, I agree with Defendants that "[h]aving all communication between opposing counsel will alleviate questions concerning misrepresentations or unprofessionalism, and will help to eliminate any requests to the court to referee any such disputes or hold evidentiary hearings in this regard."  *Id.* at 2.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motions to Require Written

Communications Only Between Opposing Counsel *(Docs. 75 & 83)* are **GRANTED.**

_____
UNITED STATES MAGISTRATE JUDGE