# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES AND RACHEL DRAIN,

        Plaintiffs,

v.                                    CIV 04-399 MV/KBM

WELLS FARGO BANK, MINNESOTA, NA, et al.,

        Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON PLAINTIFF'S OBJECTIONS** *(DOC. 90)* **TO DISTRICT JUDGE VÁZQUEZ' ORDER OF REFERENCE PURSUANT TO 28 U.S.C. § 636** *(DOC. 78)*

    This matter comes on for consideration of Plaintiffs' Response and Objections to District Judge Vázquez' Order of Reference Pursuant to 28 U.S.C. § 636 *(Doc. 90)*. Because the objections are patently without merit, I see no reason to require a written response from Defendants. For the reasons set forth below, I recommend to the presiding judge that she overrule the objections.

    Plaintiffs contend that the order of reference entered in this action on March 1, 2005 is an unconstitutional delegation of Article III authority to a magistrate judge in the absence of unequivocal consent. The Tenth Circuit has held, however, that consent is not required for such a referral.

> The district court authorized the magistrate to hear motions in this case pursuant to 28 U.S.C. § 636(b)(1)(B). . . . As required by 28 U.S.C. § 636(b)(1)(B), the magistrate only made recommendations to the district court regarding the [dispositive] motions; the magistrate did not rule on decisive motions as authorized by 28 U.S.C. § 636(c)(1). Unlike 28 U.S.C. § 636(c)(1), 28 U.S.C. § 636(b)(1)(B) does not require the consent of the parties. . . .

> The magistrate thus had authority to hear a summary judgment motion and was not required to hold an evidentiary hearing. . . . Pursuant to FED. R. CIV. P. 72(b), a district court "to whom the case is assigned shall make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *See also* 28 U.S.C. § 636(b)(1) (imposing the same requirement on the district court).

*Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). It is that obligation to conduct *de novo* review of the magistrate judge's proposed findings and recommended disposition ("PFRD") that preserves the parties' rights to a decision by the Article III presiding judge on a dispositive motion.[1]

Thus, although the Article III judges of this district most often rely on the magistrate judges to rule on just non-dispositive pretrial issues, the presiding judge's specific referral pursuant to 28 U.S.C. § 636(b)(1)(B) in the present case is both authorized and proper. As a border district, the sheer volume of criminal cases often places overwhelming demands on our Article III judges. Reliance on a magistrate judge to offer proposed findings and recommended dispositions in problematic civil matters can assure that such cases proceed through the system in an expeditious manner. The present case indeed poses challenges that could bog down its progress – Plaintiffs' counsel has sought reconsideration on virtually every ruling in this action as he did in the only other case he has filed in this federal district. *See Wheeler v. American*

---

[1] In this district, every case is assigned to two judges - a presiding judge and a referral magistrate judge. Generally the referral is only for settlement efforts and/or for decisions on pre-trial discovery matters pursuant to 28 U.S.C. § 636(b)(1)(A). Litigants retain the ability to appeal the referral judge's orders under the "clearly erroneous or contrary to law" standard for review. In this case, Chief Judge Vázquez recently directed that I also address by recommendations dispositive motions in the matter pursuant to 28 U.S.C. § 636(b)(1)(B). As discussed above, if specific objections are filed within ten days of receipt of the PFRD, the presiding judge must conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1).

*Heritage*, CIV 04-271 WJ/LFG (docket sheet and orders entered therein).[2]

---

[2] Plaintiffs recently filed "Objections to Judge Molzen Opinion and Order Granting Motion to Compel" *(Doc. 98)*. In that pleading, Plaintiffs characterize my citations to orders and opinions in the *Wheeler* case as "extra judicial [sic] findings, evidence and matters [that] show an insurmountable bias against the cause of the Plaintiffs and are inappropriate and unusual [to a] judicial decision." *Doc. 98* at 1. I respectfully disagree.

> [O]pinions formed by the judge on the basis of facts introduced or
> events occurring in the course of the current proceedings, or of
> prior proceedings, do not constitute a basis for a bias or partiality
> motion unless they display a deep-seated favoritism or antagonism
> that would make fair judgment impossible. Thus, judicial remarks
> during the course of a trial that are critical or disapproving of, or
> even hostile to, counsel, the parties, or their cases, ordinarily do not
> support a bias or partiality challenge. They *may* do so if they reveal
> an opinion that derives from an extrajudicial source; and they *will*
> do so if they reveal such a high degree of favoritism or antagonism
> as to make a fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994)(emphasis in original).

As an initial matter, references to other court records discovered by the Court while researching issues in a case would not seem to spring from an "extrajudicial source." The Tenth Circuit has noted that "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *See Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds* by McGregor v. Gibson, 248 F.3d 946, 955 (10th Cir.2001). Indeed, whether or not it is requested, "[j]udicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979); *see also Anderson v. Cramlet*, 789 F.2d 840, 845 (10th Cir. 1986).

The citations to the *Wheeler* pleadings, orders and opinions were not in any way directed towards the merits of Plaintiffs' claims. Rather, judicial notice of those documents was intended to demonstrate a possible pattern of conduct by Plaintiffs' counsel that may implicate the need for possible imposition of sanctions to assure compliance with court rules and orders. *See e.g. Vesco v. Snedecker, et al.*, 236 F. Supp.2d 1272 (D.N.M. 2002) (setting forth numerous examples of similar conduct by an attorney in other cases within the federal district of New Mexico that "manifest[ed] an 'intentional or reckless disregard of the attorney's duties to the court'" and supported the severity of sanctions imposed by the Court) (*quoting Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)).

Thus, the presiding judge's reasonable decision to authorize me in this particular case to address dispositive motions by way of PFRD enhances my case management options. For instance, my ability to conduct an initial review of a motion may find that no responsive brief is required for a ruling thereby eliminating unnecessary briefing and addressing of the motion in a more timely manner. In this way, I can better assure compliance with the principles and dictates of the Civil Justice Reform Act.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiffs' Response and Objections *(Doc. 90)* be OVERRULED.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

                                                                     _____
                                                                     UNITED STATES MAGISTRATE JUDGE