IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES DRAIN and RACHEL DRAIN,
*et al.*,

        Plaintiffs,

vs.                                      Civ. No. 04-0399 MV/KBM

WELLS FARGO BANK, MINNESOTA,
NA, as TRUSTEE for ITLA MORTG.,
LOAN SECURITIZATION 2002-1, LLC,
and ACCREDITED HOME LENDERS INC.,
and FAIRBANKS CAPITAL CORP., UTAH
and its Director, BASMAJIAN T. DOYLE,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes on for consideration of the Motions to Dismiss filed by Defendant Accredited Home Lenders **[Doc. No. 13]** and Defendants Wells Fargo Bank and Fairbanks Capital Corp. Utah **[Doc. No. 14]**. Originally this case was assigned to Magistrate Judge Leslie C. Smith as presiding judge if all parties consented pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b). The docket sheet reflects that on June 16, 2004, Judge Smith granted Defendants= Motions for a More Definite Statement. In response to that Order, Plaintiffs filed a First Amended Complaint. Shortly thereafter, Defendants filed the motions to dismiss that are now under consideration.

      On August 31, 2004, Judge Smith held a hearing in Roswell on the motions. As best I can tell from the clerk's minutes, Judge Smith denied the motions to dismiss in all respects except that a ruling on the statute of limitations defense was taken under advisement. When consents to proceed before a magistrate judge had not been received from all parties more than six weeks later, the case

was transferred to Chief District Judge Martha Vázquez to serve as the presiding judge.  Therefore, it appears that a ruling has not yet been made on the statute of limitations issues.[1]

As to the Real Estate Settlement Procedures Act ("RESPA") claim, Defendants acknowledge that Plaintiffs' allegations could implicate potential violations of 12 U.S.C. § 2605, which pertains to the servicing of mortgage loans.  Defendants incorrectly contend, however, that a one-year statute of limitations governs such actions.  Instead, 12 U.S.C. § 2614 provides that "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title. . . ." [2]

Plaintiffs maintain that they also have three years from the violation in which to bring begin litigation under the Truth in Lending Act ("TILA") and the Fair Debt Collection Practices Act ("FDCPA").  To the contrary, the applicable TILA provision states that

> [a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, <u>within one year from the date of the occurrence of the violation.</u>

---

[1] I recently referred this matter to Magistrate Judge Karen Molzen pursuant to 28 U.S.C. § 636(b)(1)(B) for proposed findings and recommended disposition on dispositive motions.  *See* Doc. No. 78.  In several pleadings, Plaintiffs= counsel has objected to the order of reference as an unconstitutional delegation of authority.  It appears that Judge Molzen attempted to address those concerns in a recently filed Proposed Findings and Recommended Disposition, *see* Doc. No. 99, to which Plaintiffs have filed objections.  Plaintiffs also filed a "Motion to Court to Vacate Orders" including the order of referral and all other orders by the magistrate judge.  Those arguments are not yet ready for my *de novo* review.  So although my order of reference remains intact at this time,  I will handle these pending dispositive motions to avoid any further delay in obtaining a ruling.

[2] The one-year limitations provision cited by Defendants applies to alleged violations of § 2607 or 2608, which Defendants concede are not at issue here.  *See* 12 U.S.C. § 2614.

2

15 U.S.C. § 1640(e).[3]   Similarly, an FDCPA claim must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

As to a claim brought pursuant to the Fair Credit Reporting Act ("FCRA"),

> [a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of B
>     (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>     (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p. Plaintiffs maintain that they timely filed the FCRA claim pursuant to 15 U.S.C. § 1681p(1) because they "discovered" their causes of action only in May 2003, within the year preceding the filing of the original complaint. As Defendants point out, however, the 2003 amendments which resulted in the above-quoted language only became effective on March 31, 2004. Prior to that time, 15 U.S.C. § 1681p read as follows:

> An action to enforce any liability created under this subchapter may be brought . . . within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

15 U.S.C. § 1681p (prior to 2003 amendment).

Having determined the applicable statutes of limitation for the above claims, the Court

---

[3] Only TILA actions that are brought by a State attorney general are subject to a longer three-year statutory bar. *See* 15 U.S.C. § 1640(e) ("An action to enforce a violation of section 1639 of this title may also be brought by the appropriate State attorney general in any appropriate United States district court, or any other court of competent jurisdiction, not later than 3 years after the date on which the violation occurs.").

must next determine whether the Plaintiffs' causes of action accrued within the statutory deadline periods for filing suit, and that is a difficult task given the current pleadings.  As Defendants argued in their motion to dismiss, the Plaintiffs' First Amended Original Petition "is still wholly defective and incomprehensible. . . ."  Although Magistrate Judge Smith denied the motion to dismiss on those grounds, he noted in his Order of September 7, 2004 that

> [t]he Court has examined the Amended Complaint and considered the arguments of counsel in connection therewith.  Mr. Bello represented to the Court on the record, and defendants may rely thereon, that Paragraphs 6 and 7 contain all of the allegations of fraud.  The Court further finds that the defendants may obtain all of the detail in connection therewith through the disclosure and discovery process.

Some of the "details" which seem to be unclear in the Amended Complaint could pertain to when Plaintiffs= causes of action accrued.

Moreover, the Court is unable to determine whether Plaintiffs contend that a "discovery rule" governs each claim's accrual date or whether Plaintiffs are raising some kind of "equitable tolling" argument.[4]  Given Judge Smith's ruling, it would seem the better course to deny the

---

[4]  Even if such an argument is raised, it is questionable whether it would be successful.

> Plaintiffs' attempt to resuscitate their FDCPA claim using the doctrine of equitable tolling is not persuasive.  "Federal courts have typically extended equitable relief only sparingly."  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).  While the doctrine of equitable tolling may be available to those plaintiffs who have failed to satisfy the statute of limitations because they were actively misled or bamboozled by defendants, plaintiffs bear the burden of showing that equitable tolling is necessary. . . .  Here, plaintiffs do not satisfy their burden in this regard.  They merely claim to have been misled by "defendants' fraudulent concealment of the FDCPA=s application to their business."  This allegation, even if true, would not justify invocation of equitable tolling.  Plaintiffs cannot and do not claim that  they were ever misled  by the defendants about the application of the statute of limitations itself; nor can they deny being on notice of the applicable limitations period.  Under these circumstances, normal operation of the statutory bar is

4

motions to dismiss at this time and allow Defendants to file a motion for summary judgment based upon a statute of limitations bar.

**IT IS THEREFORE ORDERED** that the Motions to Dismiss filed by Defendant Accredited Home Lenders **[Doc. No. 13]** and Defendants Wells Fargo Bank and Fairbanks Capital Corp. Utah **[Doc. No. 14]** that were taken under advisement by the previously assigned judge are **DENIED**.

Dated this 31st day of March, 2005.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

---

fatal to plaintiffs' claim.

*Zimmerman v. Cambridge Credit Counseling*, 322 F. Supp.2d 95, 98-99 (D. Mass. 2004) (citations omitted).