# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES AND RACHEL DRAIN,

        Plaintiffs,

v.                                   CIV 04-399 MV/KBM

WELLS FARGO BANK, MINNESOTA, NA, et al.,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## *AND* ORDER ON CERTAIN PENDING MOTIONS

THIS MATTER comes on for consideration of numerous pending motions.  I must first note that in several pleadings, Plaintiffs' counsel has objected to Chief District Judge Vázquez' order of reference to me as an unconstitutional delegation of authority.  *See e.g. Doc. 105* (Plaintiffs' Motion to the Court to Vacate Orders).  I attempted to address those concerns in a Proposed Findings and Recommended Disposition ("PFRD"), *see Doc. 99*, to which Plaintiffs have filed objections.  That PFRD and the objections are thus ready for Chief District Judge Vázquez' *de novo* review.[1]

I had hoped that the constitutionality of the referral issue could be resolved prior to addressing the numerous pending motions.  Yet it appears that Plaintiff has filed objections on this basis to virtually every order or proposed recommendation that I have entered in this action.  Unfortunately, the crushing criminal caseload of this border district has priority when it comes to

---

[1]  Similarly, objections to other orders and PFRD's are also awaiting her *de novo* review. *See Doc. 98* (Plaintiffs' Objections to Judge Molzen Opinion and Order Granting Motion to Compel) & *Doc. 104* (Plaintiffs' Response and Objections to Accredited Home Lenders' Motion to Require Only Written Communications Between Opposing Counsel).

allocating our scarce judicial resources.  Indeed, that may well explain why the Chief Judge

referred this case to me pursuant to 28 U.S.C. § 636(b)(1)(B).  Therefore, I must proceed to deal

with the pending motions on the presumption that her referral validly confers such authority upon

me.

### Plaintiffs' Motion to Set Aside Entry of Default For Defendants Wells Fargo and Fairbanks on Their Counterclaims *(Doc. 50, filed December 6, 2004)*

As an initial matter, Plaintiffs have failed to file a reply brief or a "Notice of Completion of

Briefing" as required by our local rules.  *See* D.N.M.LR-Civ. 7.3(b).  Throughout this litigation,

Plaintiffs' counsel has argued that to require compliance with our local rules violates his clients'

rights.  Thus, I find it safe to assume that the motion should be considered ready for a ruling.

Plaintiffs contend that they were not required to answer the counterclaims seeking

foreclosure on the basis that this court lacks jurisdiction over the counterclaims because they are

allegedly "bogus and illegal and that Defendants and their associates have been barred by Federal

Court's order from further raising such claims."  *Doc. 50* at 2.  Plaintiffs also assert that

Defendants are "trying to obtain a declaratory judgment in a federal court on an issue that state

law control[s]. . . ."  *Id.* at 3.  Although those contentions arguably could be raised as to the lack

of merit of the counterclaims, they do not explain or provide "good cause" for failing to file an

answer to them.  *See* FED. R. CIV. P. 55(c).

Several factors are considered in determining whether a defaulting party has met the

"good cause" standard to justify setting aside the entry of default.  *See e.g., In re Dierschke*, 975

F.2d 181, 183 (5th Cir.1992).  First, did the default result from culpable conduct of the defendant?

Generally, conduct is considered culpable if the party has defaulted willfully or has no excuse for

the default.  *See United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir.1993).   Here, Plaintiffs acknowledge that they purposefully chose not to answer the counterclaim and that it was not the result of inadvertence or mistake.

Second, would the non-defaulting party be prejudiced if the default were be set aside? Defendants simply maintain that the entry of default affected their discovery strategy.  I would note, however, that Defendants take the position in other pleadings that Plaintiffs have thwarted discovery and seek sanctions for alleged discovery violations.

Third, has the defaulting party presented a meritorious defense?  In this case, I simply cannot tell.  I agree with Defendants that Plaintiffs' allegations and arguments seem to be "vague, unsupported, inapplicable or unusual at best."  *Doc. 57*.  I am somewhat handicapped, however, because the exhibits accompanying Plaintiffs' motion were too voluminous to scan, and the case file is kept in Santa Fe.  Thus, I have no real ability to assess the merits of Plaintiffs' references to a federal court order and pending state proceedings as a bar to bringing the counterclaim in federal court.

Apparently the counterclaim and Plaintiffs' causes of action relate to the same mortgage on which Defendants seek to foreclose, and thus the issues raised in both are not far afield.  With the knowledge that decisions on their merits are preferred and out of an abundance of caution, I will therefore recommend that the Clerk's Entry of Default be set aside.

**_Fairbanks' and Wells Fargo's  Motion to Compel Plaintiffs' Initial Disclosures_**,
*(Doc. 73, filed February 14, 2005)*

I earlier granted Defendant Accredited Home Lenders' ("AHL") motion to compel production of Plaintiffs medical information and medical releases on the basis that such

information should have been included in their initial disclosures pursuant to FED. R. CIV. P. 26(a).  *See Doc. 81.*  Defendants Wells Fargo and Fairbanks have joined in that motion and have incorporated the same arguments as permitted by D.N.M.LR-Civ. 7.1(a).  For the same reasons previously articulated, this motion will be granted pursuant to my authority under 28 U.S.C. § 636(b)(1)(A).

   ***Plaintiffs' Motion for Protective Order***  *(Doc. 103, filed March 16, 2005)*

   This motion simply reiterates Plaintiffs' arguments raised in their objections to my ruling on the above-mentioned motions to compel.  Again finding them to be totally without merit, the motion will be denied pursuant to my authority under 28 U.S.C. § 636(b)(1)(A).

   ***Defendants Fairbanks' Motion to Compel Responses to First Request for Production to James A. Drain and Answers to First Interrogatories to James A. Drain***  *(Doc. 86, filed March 8, 2005)*

   Plaintiffs first argue that the motion to compel should be denied for failure to comply with our local rules.  *See* FED. R. CIV. P. 7.1 ("Movant must determine whether a motion is opposed.").  I agree with Defendants, however, that they met the obligation to confer that is imposed by the rule.

   Plaintiff claims that Fairbanks failed to confer regarding his failure to respond to discovery or the filing of this motion in good faith. However, counsel for Fairbanks faxed a letter to counsel for Plaintiff, inquiring as to the status of Plaintiff's discovery responses, the facsimile confirmation page for which shows the fax went through, and this was specifically stated in Fairbanks' Motion. *See Doc. 86* at ¶ 7 and Exhibit D attached thereto. Plaintiff never responded to the facsimile, and his response brief make no mention of the letter attached to Fairbanks' motion. Counsel for Fairbanks' inquiry letter clearly inquired as to whether service of the responses had been made, and if so, the form of service.  The letter also sought Plaintiff's counsel's input regarding the filing of the motion to compel.  For these matters, the letter specifically requested a

response by return facsimile.  None was received from Plaintiff's counsel.

*Doc. 123* at 2.  Simply put, an attorney is not free to disregard an opposing counsel's inquiry as to whether there is opposition to a motion.

As to the merits of the motion, Plaintiffs do not dispute that these first discovery requests were served on counsel for James A. Drain on January 27, 2005.  On that day, they were placed in the mail and sent by first class certified mail return receipt requested to Mr. Bello at his office in Clovis.  Responses to those discovery requests were therefore due by March 1, 2005.  *See* FED. R. CIV. P. 33(b)(3) and 34(b).  In his Response Brief, Plaintiff James Drain admits that neither of his Responses and Objections were served until March 8, 2005 ***at the earliest***.  Indeed, "while Plaintiffs' counsel filed a certificate of service showing the responses were served on March 8, 2005, the postmark on the envelope [Exhibit A] containing the answers shows it was processed six days later on March 14, 2005." [2] *Doc. 123* at 2, n.1.

I find that by failing to timely serve discovery responses, Plaintiff James A. Drain has waived any objection to fully and completely answering or responding to the discovery requests, and I will order that he do so without any objections.

### Defendant Fairbanks' Motion to Deem Admitted Its First Requests for Admission to James Drain *(Doc.87, filed March 8, 2005)*

Also on January 27, 2005, Defendant Fairbanks included in the same envelope discussed above its First Requests for Admission.  Allowing an additional three days for mailing, Plaintiff

---

[2]  Defendants have raised this issue before with the Court at its Rule 16 initial conference on December 14, 2004.  Mr. Belo evidently continues with the same pattern of certifying service well before the actual making of service.  In fact, it appears that he has completely disregarded my Order of December 15, 2004 in which I directed that "[a]ll service on opposing counsel of pleadings filed in this matter shall be sent by certified mail."  *Doc. 55* at 2.

James Drain was required to serve his answers or objections again by March 1, 2005.  He did not timely serve a response, and the same rationale as above dictates that I impose the consequences contemplated by the FED. R. CIV. P. 36(a).  The requests will be deemed admitted and may be relied upon by the parties as necessary in this action.  FED. R. CIV. P. 36(b) ("Any admission made by a party under this rule is for the purpose of the pending action only. . . .").

### *Defendants' Joint Motion for Extension of Time to Identify Experts and Provide Reports*  *(Doc. 112, filed March 30, 2005)*

Given Plaintiffs' failure to make timely, full and complete responses to Defendants' discovery requests as outlined above, and Defendants' timely request for an extension, it is clear that I will need to modify Defendants' deadline as it relates to experts.  Moreover, Plaintiffs' objections to the presiding judge on **_every_** ruling that I make have bogged down the discovery process and any hope of an expeditious and fair progression through the stages of litigation.  Thus for the reasons stated in Defendants' briefs, the motion will be granted.  Defendants' experts deadline will be extended until four weeks after Plaintiffs complete and serve their initial disclosures and substantively respond to Defendants' discovery requests.

### *Requests for Monetary Sanctions*  *(Docs. 86 & 87)*

I agree with Defendants that the recited discovery abuses by Plaintiffs warrant monetary sanctions pursuant to FED. R. CIV. P. 37.  Seeming to reflect bad faith, Plaintiffs improperly posed the same generalized objection to virtually every interrogatory:[3]

> Plaintiffs could not, in many attempts, answer the interrogatory as worded in that it is nonsensical, confusing and was directed at obtaining privileged information and/or an attempt to create

---

[3]  In Plaintiffs' briefs, apostrophes rarely accompany possessive forms of words.  Rather than indicate punctuation errors, I will just quote directly from those briefs.

confusion of already well pleaded facts and statutory claims already
in Plaintiffs petition.

Plaintiffs are cautioned that this Court will not tolerate such blatant disregard for their discovery

obligations.

Indeed, it is Plaintiffs' counsel who seems to be injecting the nonsense and confusion into

this process.  Claiming an "overall" objection to any interrogatory, request for production and

request for admission, Mr. Bello responded as follows:

> Plaintiffs objected to the Defendants interrogatories in its entirety
> in view of Defendant Fairbanks interjection of the unlawful and
> controversial counterclaims, which it has introduced into the case
> and to which Plaintiffs have filed a response and objections raising
> several grounds why the Defendants counterclaims must be
> dismissed.  These objection grounds included this Court's lack of
> jurisdiction, which is a threshold issue and on [sic] the District
> Judge have [sic] not yet ruled upon.

*Exhibit to Doc. 123.*  Moreover, in response to even straightforward, plain English requests for

production, Plaintiffs state "that the request was non specific [sic] and too broad and it is difficult

to determine what in particular Defendant requests encompasses.  Such information may include

memories and experience which could not be reduced to documents. . . ."  *Id.*

As to the majority of the requests, including a simple request that Plaintiffs admit that

Exhibit A to the Counterclaim is a true and accurate copy of the adjustable rate note at issue in

this litigation, Mr. Bello responded as follows: "pursuant to Plaintiffs objections stated above and

for the purpose of responding as best as they can, Plaintiffs do not have enough information to

admit or deny the request, it is therefore, denied."  *Exhibit to Doc. 124.*  To other requests that

Plaintiffs admit that their signatures appear on certain documents, Mr. Bello states that "although

the document [ ] appears to bear a likely signature of both Plaintiffs signatures, the understanding

of what they were signing was not what it is now shown to be, it is therefore denied." *Id.* at 5.

Clearly, the responses to Defendant Fairbanks' discovery requests have not been made in good faith. Attempts to evade compliance with the rules of discovery have been met at every turn. Pursuant to Fed. R. Civ. P. 37(a)(4)(A), Defendant Fairbanks requests that I award its reasonable costs and attorney fees in preparing the motion to compel, the motion to deem requests admitted, and the preparation of any brief associated those motions. Indeed, to deter any further such lack of diligence in meeting discovery obligations, I believe sanctions are required. It is unclear, however, the extent to which sanctions should be imposed on Plaintiffs or whether they would more appropriately be assessed against their counsel. As seen below, I am also unsure whether the requested sanction is sufficient to deter what seems to be a continuing pattern.

### Defendant AHL's Motion for Order to Show Cause and Contempt
*(Doc. 143, filed May 5, 2005)*

On March 2, 2005, I issued the following orders:

> (1) The Motion to Compel filed by Defendant AHL *(Doc. 60)* is **granted**. Plaintiff shall immediately and fully provide Defendant AHL with the medical information, medical records and HIPA-compliant form medical release as required by D.N.M.LR-CIV. 26.3 to support the claims pertaining to Plaintiffs' alleged emotional injuries;
> (2) The Court will take under advisement Defendant AHL's request for attorney fees. If Plaintiffs do not provide the disclosures identified above by March 16, 2005, the Court will issue an order to show cause why the request for attorney fees should not be granted, and to explore whether further sanctions, including possible dismissal of the action, are required to assure compliance with the rules and orders of this district court. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); and
> (3) Plaintiffs' counsel shall file a certification that he delivered a copy of this Memorandum Opinion and Order to his clients and fully discussed with them the issues addressed herein, especially the possibility of sanctions including dismissal with prejudice if they

> knowingly and willfully fail to comply with the orders of the Court
> and its rules.

*Doc. 81* at 5.  Defendant AHL asserts that Plaintiffs have not complied with any of my directives.

In response, Mr. Bello does not dispute lack of compliance with my order and instead characterizes AHL's motion as "premature" and "unripe."  Plaintiffs rely on their filing of objections to the order for the presiding judge's consideration and maintain that the objections stay that order.  As Defendant AHL points out, none of the cases relied upon by Plaintiffs stand for the propositions for which they are cited, and Plaintiffs' argument totally ignores D.N.M.LR-Civ. 37.3 which expressly provides that "[a] party's duty to comply with a discovery order is not stayed by filing an appeal from or objection to the order, unless otherwise ordered."  Plaintiffs could have filed a motion to stay the order with either me or the presiding judge.  They did not.

Plaintiffs also believe that their motion for protective order filed on March 10, 2005 triggers an automatic stay.  Even if I were to assume that to be true, their motion only addressed that portion of the order requiring full and complete initial disclosures including the medical release.  *See Doc. 103* ("Plaintiffs now file their Motion for Protective Order to protect their medical record.").  I am at a loss to understand how Mr. Bello could have thought that my directive to file the certification was stayed by that motion.

### *Motion for Sanctions filed by Defendants Wells Fargo and Fairbanks*
*(Doc. 117, filed April 1, 2005)*

These defendants seek the imposition of even further sanctions against the plaintiff and/or their attorney, Mr. Bello pursuant to FED. R. CIV. P. 11 and 28 U.S.C. § 1927.  The allegations made by Defendants are serious: blatant misrepresentations, improperly characterization of cited authorities, presenting defenses unsupported by existing law or by a good faith argument for

change in the existing law, allegations devoid of evidentiary support after a reasonable investigation, false certifications, willful disregard of a court order, and the filing of voluminous vexatious pleadings and motions designed to harass and delay these proceedings. *See Doc. 117 and exhibits attached thereto.*

Plaintiffs respond that Defendants' arguments "are wrongful, misplaced, vexatious and frivolous." *Doc. 133* at 2. Mr. Bello argues that the exhibits attached to Defendants' motion "are misrepresentation at best, or outright fraud on the court." *Id.* at 3. He attacks opposing counsel by accusing them of "improper tactics to generate unwarranted legal billing fees. . . ." *Id.* at 4.

Given all of the above, I will hold a hearing on the motions and requests for sanctions and require that all counsel and both of the Plaintiffs attend in person. I will again direct Mr. Bello to file no later than June 27, 2005 a certification that he has delivered to his clients copies of both this opinion and order as well as that issued on March 2, 2005.

Wherefore,

**IT IS HEREBY RECOMMENDED AS FOLLOWS:**

(1) Plaintiffs' Motion to Set Aside Entry of Default For Defendants Wells Fargo and Fairbanks on Their Counterclaims *(Doc. 50)* be granted;

**IT IS FURTHER ORDERED AS FOLLOWS:**

(2) Fairbanks' and Wells Fargo's Motion to Compel Plaintiffs' Initial Disclosures *(Doc. 73)* is **granted**;

(3) Plaintiffs' Motion for Protective Order *(Doc. 103)* is **denied**;

(4)  Defendants Fairbanks' Motion to Compel Responses to First Request for Production
to James A. Drain and Answers to First Interrogatories to James A. Drain *(Doc. 86)* is **granted**.
Plaintiff James A. Drain shall full and completely respond and answer without any objection to
Fairbanks'  First Request for Production and First Set of Interrogatories no later than June 27,
2005.

(5)  Defendant Fairbanks' Motion to Deem Admitted Its First Requests for Admission
to James Drain  *(Doc.87)* is **granted**.  Each and every request for admission in Defendant
Fairbanks' First Requests for Admission to James A. Drain is deemed admitted and may be relied
upon by the parties as necessary in this action;

(6)  Defendants' Joint Motion for Extension of time to Identify Experts and Provide
Reports *(Doc. 112)* is **granted**.  Defendants' experts deadline will be extended until four weeks
after Plaintiffs complete and serve their initial disclosures and substantively respond to
Defendants' discovery requests; and

(7)  To the extent that motions request sanctions *(Docs. 86, 87,117 & 131)*, they are taken
under advisement.  Plaintiffs as well as their counsel and all defense counsel are ordered to appear
in person and show cause why sanctions, including possible dismissal of the action, should not be
imposed pursuant to FED. R. CIV. P. 11 & 37 and 28 U.S.C. § 1927.  That hearing will be
scheduled by my administrative assistant, and notice will be sent to all attorneys and to the
plaintiffs at their address listed in their response to Interrogatory No. 1.


_____
UNITED STATES MAGISTRATE JUDGE

11

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**