IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES DRAIN and RACHEL DRAIN, *et al*.,

        Plaintiffs,

vs.

        Civ. No. 04-0399 MV/KBM

WELLS FARGO BANK, MINNESOTA,
NA, as TRUSTEE for ITLA MORTG.,
LOAN SECURITIZATION 2002-1,LLC, and
ACCREDITED HOME LENDERS INC., and
FAIRBANKS CAPITAL CORP., UTAH and
its Director, BASMAJIAN T. DOYLE,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Default Judgment, filed November 18, 2004, **[Doc. No. 44]**, Plaintiff's [sic] Motion to Vacate or to Reconsider Decision Granting in Part Defendant Basmajian [sic] Motion to Dismiss, filed January 26, 2005, **[Doc. No. 62]**, the magistrate judge's Proposed Findings and Recommended Disposition on Plaintiffs' Motion to Vacate or to Reconsider and Plaintiffs' Motion for Default Judgment, filed March 9, 2005, **[Doc. No. 89]**, Plaintiffs' Response and Objections to District Judge Vasquez [sic] Order of Reference Pursuant to 28 U.S.C. § 636, filed March 10, 2005, **[Doc. No. 90]**, the magistrate judge's Proposed Findings and Recommended Disposition on Plaintiff's Objections (Doc. 90) to District Judge Vazquez' Order of Reference Pursuant to 28 U.S.C. § 636 (Doc. 78), filed on March 15, 2005, **[Doc. No. 99]**, and Plaintiffs [sic] Motion to the Court to Vacate Orders, filed March 22, 2005, **[Doc. No. 105]**.

**BACKGROUND**

Defendant Basmajian filed a motion to dismiss contending, in part, that he had never been properly served. Plaintiffs opposed this motion and filed a motion for default judgment against Defendant Basmajian. *See* Plaintiffs' Motion for Default Judgment, filed November 18, 2004, [Doc. No. 44]. On January 14, 2005, the Court entered an Order dismissing Defendant Basmajian for failure to serve in accordance with the Federal Rules of Civil Procedure. *See* January 14, 2005 Order, [Doc. No 59]. Plaintiffs timely filed a motion to vacate or reconsider this decision. *See* Plaintiff's [sic] Motion to Vacate or to Reconsider Decision Granting in Part Defendant Basmajian [sic] Motion to Dismiss, filed January 26, 2005, [Doc. No. 62].

After ruling on the motion to dismiss and reviewing other filings in the case, the Court determined that the case would benefit from close management and monitoring to ensure compliance with the Federal Rules of Civil Procedure and the principles of the Civil Justice Reform Act. Consequently, on February 28, 2005, the Court entered an Order of Reference referring the case to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) to make proposed findings of fact and recommended dispositions on all motions.[1] *See* February 28, 2005 Order of Reference, [Doc. No. 78]. Plaintiffs filed "objections" to the Order of Reference, asserting that the reference to the magistrate judge was unconstitutional because Plaintiffs had not consented to magistrate judge jurisdiction. *See* Plaintiffs' Response and Objections to District Judge Vasquez [sic] Order of Reference Pursuant to 28 U.S.C. § 636, filed March 10, 2005, [Doc. No. 90].

---

[1] Authorizing the magistrate judge to make proposed findings of fact and recommended dispositions on all motions permits the magistrate judge to more closely manage and monitor a case. For example, the magistrate judge can perform an initial review of motions and determine whether a responsive brief is required for a ruling, potentially eliminating unnecessary briefing and expediting consideration of the motion.

Pursuant to the Order of Reference, the magistrate judge filed proposed findings and recommended dispositions on Plaintiffs' objections to the Order of Reference and on Plaintiffs' motion to vacate or to reconsider the Court's Order granting, in part, Defendant Basmajian's motion to dismiss. *See* Proposed Findings and Recommended Disposition on Plaintiffs' Motion to Vacate or to Reconsider and Plaintiffs' Motion for Default Judgment, filed March 9, 2005, [Doc. No. 89] and Proposed Findings and Recommended Disposition on Plaintiff's Objections (Doc. 90) to District Judge Vazquez' Order of Reference Pursuant to 28 U.S.C. § 636 (Doc. 78), filed on March 15, 2005, [Doc. No. 99]. Plaintiffs, rather than file objections to the proposed findings and recommended dispositions as provided by 28 U.S.C. § 636(b)(1), filed a motion to vacate all of the proposed findings and recommended dispositions made by the magistrate judge pursuant to the Order of Reference.[2] *See* Plaintiffs [sic] Motion to the Court to Vacate Orders, filed March 22, 2005, [Doc. No. 105].

## LEGAL ANALYSIS

  A. Plaintiffs' Motion to Vacate or to Reconsider Decision Granting in Part Defendant Basmajian's Motion to Dismiss

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. When the Court has misapprehended the facts or misapplied the law, however, a party may seek relief pursuant to Fed. R. Civ. P. 59. The Tenth Circuit has stated that "regardless of how [a motion] is styled, courts consider a motion filed within ten days of the entry of judgment that

---

  [2] Under 28 U.S.C. § 636(b)(1), the Court is only required to review those portions of a proposed finding and recommended disposition to which written objections have been made. To avoid any prejudice to Plaintiffs due to their counsel's failure to follow federal procedure, the Court will construe the motion to vacate as making objections to the proposed findings and recommended dispositions. When timely objections have been made to a magistrate judge's proposed findings and recommended disposition, this Court conducts a *de novo* review.

3

questions the correctness of the judgment to be a Rule 59(e) motion." *Trotter v. Regents of Univ. of New Mexico*, 219 F.3d 1179, 1183 (10th Cir. 2000). Accordingly, Plaintiffs' motion will be considered as a Rule 59(e) motion.

The decision whether to grant or deny a motion under Rule 59 is committed to the Court's discretion. *See, e.g., Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). A court may grant reconsideration under Rule 59 to (1) correct clear error or prevent manifest injustice; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in law. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59 does not, however, provide a valid basis "to revisit issues already addressed or advance argument that could have been raised in prior briefing." *Id*.

Plaintiffs do not assert that there is newly discovered evidence or a recent change in law. Rather, Plaintiffs contend that the Court's decision was erroneous. The Court has reviewed the record in this case and finds that it did not misapprehend the law or the facts when it determined that Plaintiffs had failed to serve Defendant Basmajian in accordance with the Federal Rules of Civil Procedure. Because the Court has found that Plaintiffs have failed to properly serve Defendant Basmajian, Plaintiffs' pending motion for a default judgment against Defendant Basmajian must be denied. Accordingly, the Court will deny Plaintiffs' motion to vacate or reconsider and Plaintiffs' motion for default judgment.

The Court is concerned that Plaintiffs' counsel's fundamental misunderstanding of, or lack of familiarity with, the Federal Rules of Civil Procedure and the Court's local rules, is

jeopardizing Plaintiffs' case.[3]  The Court, therefore, will require Plaintiffs' counsel to read the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of New Mexico within ten days of the date of this Order.  The Court will also require Plaintiffs' counsel to certify that he has provided Plaintiffs with a copy of this Memorandum Opinion and Order.

> B.  Plaintiffs' Objections to the Order of Reference and Motion to the Court to Vacate Orders

Plaintiffs filed "response and objections" to the Court's Order of Reference.  As discussed above, if a party believes the district court has issued an order contrary to the facts or law, the proper course is to file a motion pursuant to Fed. R. Civ. P. 59 or 60, not a "response" or "objections."  Plaintiffs' filing, which was filed within ten days of the filing of the Order of Reference, will be construed as a motion for reconsideration.

Plaintiffs' objections to the Order of Reference and motion to vacate both contend that the Court's reference to the magistrate judge is unconstitutional because Plaintiffs have not consented to magistrate judge jurisdiction.  Even a cursory review of Plaintiffs' filings reveal that the argument is wholly without merit.  While magistrate judges may not decide certain motions

---

[3] For example, Plaintiffs' counsel asserts that a document is timely filed with the Court if it is placed in the mail on the day it is required to be filed.  Local Rule 7.1 (a) specifically requires that a motion be *filed and served* within the prescribed time limits.  *See* D.N.M. LR-Civ 7.1(a) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  A document is not filed with the court until it is received by the clerk of court.  *See* Fed. R. Civ. P. 5(e) ("filing of papers with the court as required by these rules shall be made by filing them with the clerk of court.").  Plaintiffs' counsel also calculates the date his response is due based on the day he actually received the opening brief in the mail.  The Federal Rules of Civil Procedure, however, provide that a time period begins to run from the date the opening brief is filed.  *See* Fed. R. Civ. P. (6). If an opening brief is served by mail, an additional three days may be added.  *See* Fed. R. Civ. P. 6(e).

5

without the consent of the parties, the statute clearly provides that a judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." 28 U.S.C. § 636(b)(1)(B). Referring a matter to a magistrate judge to propose findings of fact and recommended disposition does not require the consent of the parties. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000) ("28 U.S.C. § 636(b)(1)(B) does not require the consent of the parties").

If Plaintiffs' counsel had conducted any legal research, or even read the statute, he would have discovered that his argument was contrary to the plain language of the statute and Tenth Circuit caselaw. Plaintiffs' position is wholly without legal merit and Plaintiffs' objections to the Order of Reference, which is actually a motion for reconsideration, and Plaintiffs' motion to vacate will be denied.

Plaintiffs are hereby cautioned that frivolous arguments may subject Plaintiffs and/or their counsel to Rule 11 sanctions. *See* Fed. R. Civ. P. 11(b)(2) (by presenting a motion to the court, an attorney is certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [the] legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.") An argument contained in a motion is frivolous under Rule 11 if it is unreasonable when viewed from the perspective of "a competent attorney admitted to practice before the district court." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986); *see also Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985) (Rule 11 is violated when, "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law

or a good faith argument for the extension, modification or reversal of existing law").

## CONCLUSION

**IT IS THEREFORE ORDERED** that the magistrate judge's Proposed Findings and Recommended Disposition on Plaintiff's Objections *(Doc. 90)* to District Judge Vazquez' Order of Reference Pursuant to 28 U.S.C. § 636 *(Doc. 78)*, filed on March 15, 2005, **[Doc. No. 99]**, is hereby adopted in its entirety. The Court, however, has found that Plaintiffs' filing is properly considered a motion for reconsideration and, therefore, will deny the motion rather than overrule the objections. For the reasons stated above and in the Proposed Findings and Recommended Disposition, Plaintiffs' Response and Objections to District Judge Vasquez [sic] Order of Reference Pursuant to 28 U.S.C. § 636, filed March 10, 2005, **[Doc. No. 90],** is **DENIED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Proposed Findings and Recommended Disposition on Plaintiffs' Motion to Vacate or to Reconsider and Plaintiffs' Motion for Default Judgment, filed March 9, 2005, **[Doc. No. 89]**, is hereby adopted in its entirety. For the reasons stated above and in the Proposed Findings and Recommended Disposition, Plaintiff's [sic] Motion to Vacate or to Reconsider Decision Granting in Part Defendant Basmajian [sic] Motion to Dismiss, filed January 26, 2005, **[Doc. No. 62],** and Plaintiffs' Motion for Default Judgment, filed November 18, 2004, **[Doc. No. 44]**, are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs [sic] Motion to the Court to Vacate Orders, filed March 22, 2005, **[Doc. 105]**, is hereby **DENIED**.

**IT IS FINALLY ORDERED** that within ten days of the date of this Order, Plaintiffs' counsel must read the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of New Mexico. Plaintiffs' counsel shall file a certification

with the Court when he has completed this task.  Within ten days of the date of this Order, Plaintiffs' counsel must also certify to the Court that he has provided a copy of this Order to Plaintiffs.

Dated this 21st day of June, 2005.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
    Mike Bello, Esq.

Attorneys for Defendants:
    Cynthia Tessman, Esq.
    Dylan O'Reilly, Esq.