IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES DRAIN and RACHEL DRAIN, *et
al*.,

        Plaintiffs,

                                                        Civ. No. 04-0399 MV/KBM

vs.

WELLS FARGO BANK, MINNESOTA,
NA, as TRUSTEE for ITLA MORTG.,
LOAN SECURITIZATION 2002-1,LLC, and
ACCREDITED HOME LENDERS INC., and
FAIRBANKS CAPITAL CORP., UTAH and
its Director, BASMAJIAN T. DOYLE,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Plaintiffs [sic] Objections to Judge Molzen

[sic] Opinion and Order Granting Motion to Compel, filed March 11, 2005, **[Doc. No. 98]**, and

Plaintiffs [sic] Motion for Protective Order, filed March 16, 2005, **[Doc. No. 103]**.   The Court,

having considered the motions, relevant law, and being otherwise fully informed, finds that the

objections are not well-taken and will be **OVERRULED** and the motion to compel is not well-

taken and will be **DENIED**.

**BACKGROUND**

    Plaintiffs allege that Defendants violated various consumer protection laws and, that as a

result of Defendants' wrongful actions,

> Plaintiffs, their persons and their family including their children have suffered
> emotional distress, pain and sufferings and mental anguish as a result of
> Defendants unlawful actions.  Plaintiffs have suffered damages, pecuniary,
> emotional distress, depression, drastic and severe weight loss, loss of consortium
> and goodwill as results of Defendants unlawful actions, and are the injuries are still
> growing and continuing.

First Amended Complaint at Paragraph 3 (grammatical and punctuation errors in original).

On December 14, 2004, the Court entered an Order requiring Plaintiffs to serve their

initial disclosures on or before December 22, 2004.  *See* Order Assigning Standard Track and

Setting Pretrial Deadlines, [Doc. No. 55].  Plaintiffs served their initial disclosures by the deadline.

Plaintiffs' initial disclosures, however, did not include the healthcare information required by

Local Rule 26.3(d).[1]  *See* D.N.M.LR-Civ. 26.3(d) (requiring disclosure of certain healthcare

information by a party whose physical or mental medical condition is an issue in the case).

Defendant Accredited Home Lenders, Inc., filed a motion to compel the disclosures required by

Local Rule 26.3(d).  Plaintiffs opposed this motion on the grounds that Plaintiffs' physical or

---

[1]   Local Rule 26.3(d) provides:

**Required Initial Disclosure**.  In all cases in which the physical or mental medical
condition of the party is an issue, the party whose condition as an issue must make a good faith
effort to produce the following information that the disclosing party may use to support its claims
or defense, unless solely for impeachment:

(1)  a list of the name, address and phone number of any healthcare provider, including without
limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals
which have treated the party within the last 5 years preceding the date of the occurrence set forth
in the pleadings;

(2) all records of such healthcare providers which are already in that party's possession;

(3) for each healthcare provider, a signed authorization to release medical records form, as set
forth in appendix "A."  Within 10 days after receiving medical records by use of these
authorization forms, a party must sequentially number each record received and produce, at that
party's expense, complete copies of all numbered records to all other parties.

mental conditions were not an issue in this case, and that Local Rule 26.3(d) was inconsistent with the Federal Rules of Civil Procedure and violated Plaintiffs' privacy rights under the First Amendment and New Mexico law.

The magistrate judge granted the motion to compel, finding that Plaintiffs' claim for emotional injuries triggered the disclosure requirements of Local Rule 26.3(d); that Fed. R. Civ. P. 35 was inapplicable because Defendants had not yet requested that Plaintiffs undergo mental examinations; and that Fed. R. Civ. P. 26 was not inconsistent with Local Rule 26.3(d). *See* Memorandum Opinion and Order Granting Motion to Compel, filed March 2, 2005, [Doc. No. 81]. The magistrate judge also rejected Plaintiffs' assertion that Local Rule 26.3(d) violated privacy rights protected by the First Amendment to the Constitution and the laws of New Mexico because "Plaintiffs have made their medical records relevant in these proceeding by seeking damages for alleged serious injuries to their psyches. By placing those matters at issue, Defendants are entitled as a matter of fairness to discovery on those issues, and that discovery is secured by D.N.M.LR-Civ. 26.3."

Plaintiffs filed objections to the magistrate judge's Memorandum Opinion and Order Granting Motion to Compel ("Order") and, on the day the disclosures were due under the Order, filed a motion for protective order.

## STANDARD OF REVIEW

A district court may modify or set aside a ruling of a magistrate judge only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the reviewing court must affirm unless the court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*,

333 U.S. 364, 395 (1948).

## **DISCUSSION**

A.      Objections to Order Granting Motion to Compel

Plaintiffs object to the Order on two grounds.  First, Plaintiffs assert that the Order was improper because Plaintiffs did not consent to magistrate judge jurisdiction.   This objection is easily disposed.  The Federal Magistrates Act permits a magistrate judge to be designated to hear and determine non-dispositive pretrial matters without the consent of the parties. *See* 28 U.S.C. § 636(b)(1).  Discovery matters, like Defendant's motion to compel, are non-dispositive pretrial matters.   Consequently, the magistrate judge had jurisdiction to decide the motion to compel without Plaintiffs' consent.  Plaintiffs' first objection is without merit and will be overruled.

Second, Plaintiffs assert that the Order "is an inapplicable, unlawful and inappropriate order containing and based on extra judicial [sic] facts, evidence and references."  Plaintiffs' primary objection appears to be that the Order discusses another case litigated by Plaintiffs' attorney, Mr. Bello.  Plaintiffs assert that the magistrate judge's reference to this other case amounts to incorporation of "extra judicially [sic] obtained facts, evidence and record."

In the Order, the magistrate judge referred to a similar case brought by Mr. Bello, *Wheeler v. American Heritage,* 04 Civ. 271 WJ/LFG.   In the *Wheeler* case, which was also brought under consumer protection laws, the magistrate judge explained to Mr. Bello, in detail, that he was obligated under local and federal rules to disclose medical records when a plaintiff claims physical, mental or emotional damages.  When Mr. Bello, despite this instruction, subsequently failed to provide the information required by Local Rule 26.3, the case was dismissed and Mr. Bello was sanctioned personally.

4

The magistrate judge did not rely upon the *Wheeler* case to determine whether the motion to compel should be granted.  Rather, the magistrate judge mentioned the *Wheeler* case "only in an attempt to avoid the same result in this litigation.  To the extent that Plaintiffs may have made the objections to preserve their position on appeal, that has been accomplished.  Now is the time for Plaintiffs and their attorney to comply with this Court's directive to provide what it has determined to be the required initial disclosures.  Plaintiffs are cautioned that any further failure to fully comply with the orders set forth below will result in an order to show cause."  *See* Memorandum Opinion and Order Granting Motion to Compel, filed March 2, 2005, [Doc. No. 81].  Furthermore, the Tenth Circuit has held that a court may "take judicial notice, whether requested or not, of its own records and files, and facts which are part of its public records.  Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. "  *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (citations omitted).   Under these circumstances, the magistrate judge's mention of a similar case brought by Plaintiffs' counsel, is not clearly erroneous or contrary to law.

Next, Plaintiffs contend that the Order is flawed because it does not contain findings of fact and conclusions of law and because a hearing was not held.  The Order made the necessary findings of fact--that claims for mental and emotional damages were made in the First Amended Complaint--and conclusions of law--that Plaintiffs' claims for mental and emotional damages triggered the disclosure requirements of Local Rule 26.3(d), that Local Rule 26.3(d) is consistent with the Federal Rules of Civil Procedure, and that Local Rule 26.3(d) does not violate privacy rights protected by the First Amendment to the Constitution and the laws of New Mexico.

5

Furthermore, there is no requirement that a hearing be held on every motion and, therefore, failure to hold a hearing on a simple discovery motion when the essential facts are undisputed cannot provide a basis to find an Order clearly erroneous or contrary to law.

Plaintiffs also challenge the magistrate judge's legal conclusions. Plaintiffs assert that Local Rule 26.3(d) is inconsistent with Federal Rules of Civil Procedure 26 and 35. The magistrate judge correctly determined that disclosure of medical records is wholly unrelated to requiring a party to undergo an independent medical examination pursuant to Fed. R. Civ. P. 35. Plaintiffs argue that Local Rule 26.3(d) is inconsistent with Fed. R. Civ. P. 26 because Fed. R. Civ. P. 26 does not require "blanket" disclosures of medical history or records.

The Federal Rules of Civil Procedure contemplate liberal discovery. The information sought only need be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Hickman v. Taylor*, 329 U.S. 495 (1947). In the context of discovery, "relevant" has been defined as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund,* 437 U.S. at 351. Discovery is not limited to matters in the pleadings because discovery is designed to help establish and clarify the issues in a case. *Id.* Additionally, discovery should not be limited to the merits of a case because other fact-oriented issues, possibly unrelated to the merits, may arise and properly be the subject of discovery. *Id.* A party is allowed to fully explore the relevant facts so that it can present reasoned and informed evidence and theories at trial.

Utilizing the broad construction of relevance in Rule 26(b)(1), courts have routinely ordered discovery of medical information in cases where emotional distress damages are sought.

*See, e.g., Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (finding that employee's claims of sex discrimination and emotional distress damages placed her medical condition at issue, making her medical records relevant, and, absent a showing of bad faith, discoverable);  *Owens v. Sprint/United Mgt. Co*., 221 F.R.D. 657, 660 (D. Kan. 2004) (finding that records relating to plaintiff's medical care, treatment, and counseling were relevant to claim for "garden variety" emotional damages under Title VII as well as to defenses against claim because the records could reveal unrelated stressors that could have affected her emotional well-being); *Hilt v. SFC, Inc*., 170 F.R.D. 182, 186 (D. Kan. 1997) (overruling objections to interrogatory asking sexual harassment plaintiff who claimed damages for mental and emotional pain to identify all physicians and health care professionals who had treated her or with whom she had consulted); *Fitzgerald v. Cassil*, 216 F.R.D. 632, 634 (N.D. Ca. 2003) (finding that medical records involving mental health, including physical conditions tied to mental health, were relevant under the broad definition of relevance in Rule 26(b)(1)); *Payne v. City of Philadelphia*, 2004 WL 1012489, \*3 (E.D. Pa. May 5, 2004) (finding that mental health records were relevant since they might suggest whether plaintiff's mental injuries were due to circumstances prior to or as a result of incident at issue, or whether he suffered injuries at all, and interests of adequate and fair discovery favored discovery); *Garrett v. Sprint PCS*, 2002 WL 181364 (D. Kan. Jan.31, 2002) (finding that plaintiff's intent not to present expert testimony in support of her emotional distress claim did not make medical records and information any less relevant); *see also Simpson v. University of Colorado*, 220 F.R.D. 354, 365 (D. Colo. 2004) (finding that medical records specifically referencing or describing plaintiff's emotional or psychological condition were relevant and should be disclosed, but disallowing disclosure of other medical records relating to physical injuries or

7

conditions unrelated to claims at issue).

Local Rule 26.3(d), by requiring that medical information be part of the initial disclosures when a party's mental or physical health is an issue, is consistent with case law requiring disclosure of medical records under Fed. R. Civ. P. 26 when plaintiffs place their emotional well-being at issue by claiming emotional distress damages.  Local Rule 26.3  recognizes that when a plaintiff places her emotional health at issue, a defendant is entitled to discover whether the plaintiff's medical records reveal that this alleged emotional distress was caused  in part by events and circumstances independent of the defendant's allegedly wrongful actions.

The Court is mindful of Plaintiffs' concern that under certain circumstances Local Rule 26.3(d) could require overly broad disclosures.  This concern, however, is addressed by Local Rule 26.3(e), which provides a process whereby information required to be disclosed pursuant to Local Rule 26.3 may be withheld pending a ruling by the Court on the withholding party's objection.  *See* D.N.M. LR-Civ. 26.3(e) ("When information, records or a release subject to this rule is withheld on a claim that it is privileged or subject to objection, . . . the claim must be made expressly in writing and must be supported by a description of the nature of the documents, or things not produced that is sufficient to enable the demanding party to contest the claim.").

Finally, Plaintiffs contend that requiring disclosure of their medical records violates their privacy rights.  As noted by the magistrate judge, when a plaintiff puts his emotional condition into issue in the litigation, he effectively waives his right to privacy in any relevant and unprivileged medical records.  *See, e.g., Schoffstall*, 223 F.3d at 823.  Here, Plaintiffs have placed their mental health at issue in this case and cannot avoid disclosure of information necessary for Defendants to defend their assertions by contending that disclosure of their medical information

violates a protected privacy interest.

B.      Motion for Protective Order

Plaintiffs, rather than follow the procedure established in Local Rule 26.3(e) to object to making initial disclosures at the time the disclosures were required to be made, waited until after the motion to compel had been granted and then filed a motion for a protective order under Fed. R. Civ. P. 26(c).[2]  In their motion for a protective order, Plaintiffs assert that their physical or mental condition is not the issue in this case and that production of their medical records violates their privacy rights.  Plaintiffs' assertions, which are unsupported by argument or citation to a single case, are essentially the same arguments made, and rejected, in Plaintiffs' objections to the Order.  As discussed above, Plaintiffs have placed their mental health at issue in this case and cannot avoid disclosure of information necessary for Defendants to defend their assertions by contending that disclosure of their medical information violates a protected privacy interest.

In addition, Plaintiffs, without citing any caselaw, argue in their Motion for Protective Order that Defendants have not demonstrated substantial need for the discovery as required by Fed. R. Civ. P. 26(c).  Fed. R. Civ. P. 26(c), however, does not require that Defendants demonstrate substantial need for discovery.  Fed. R. Civ. P. 26(c) provides that a Court, upon good cause shown, may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Under Rule 26(c), it is the moving party's burden to demonstrate good cause to restrict discovery

---

[2]  Normally the magistrate judge to whom the case is referred would decide a motion for protective order.  In this case, however, the motion for protective order is so closely related to Plaintiffs' objections to the Order granting the motion to compel that judicial economy is furthered by the Court considering the motion for protective order in the first instance.

of an otherwise relevant matter.  Plaintiffs have not demonstrated that discovery of the medical

records at issue should be restricted for any of these reasons.   Plaintiffs have failed to carry their

burden under Fed. R. Civ. P. 26(c) to demonstrate that discovery must be restricted to protect

them "from annoyance, embarrassment, oppression, or undue burden or expense" and their

motion for protective order will be denied.

<u>CONCLUSION</u>

**IT IS THEREFORE ORDERED** that Plaintiffs [sic] Objections to Judge Molzen [sic]

Opinion and Order Granting Motion to Compel, filed March 11, 2005, **[Doc. No. 98]**, are

**OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs [sic] Motion for Protective Order, filed

March 16, 2005, **[Doc. No. 103]**, is **DENIED**.

Dated this 29th day of July, 2005.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

<u>Attorney for Plaintiffs</u>:
        Mike Bello, Esq.

<u>Attorneys for Defendants</u>:
        Cynthia Tessman, Esq.
        Dylan O'Reilly, Esq.