IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES DRAIN and RACHEL DRAIN, *et al.*,

      Plaintiffs,

vs.

      Civ. No. 04-0399 MV/KBM

WELLS FARGO BANK, MINNESOTA,
NA, as TRUSTEE for ITLA MORTG.,
LOAN SECURITIZATION 2002-1,LLC, and
ACCREDITED HOME LENDERS INC., and
FAIRBANKS CAPITAL CORP., UTAH and
its Director, BASMAJIAN T. DOYLE,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Plaintiffs [sic] Objections to the Court Order, filed July 8, 2005, **[Doc. No. 187].** In their filing, Plaintiffs contend that the Court's June 21, 2005 Memorandum Opinion and Order ("Order") is contrary to law. The Court previously instructed Plaintiffs that if a party believes the Court has issued an order contrary to the facts or law, the proper course is to file a motion pursuant to Fed. R. Civ. P. 59 or 60, not "objections" to the order. Nonetheless, Plaintiffs, once again, have filed "objections" to an order issued by the Court. And, once again, Plaintiffs' filing will be construed as a motion for reconsideration.

    The Federal Rules of Civil Procedure do not provide for motions for reconsideration. When the Court has misapprehended the facts or misapplied the law, however, a party may seek relief pursuant to Fed. R. Civ. P. 59. The decision whether to grant or deny a motion under Rule 59 is committed to the court's discretion. *See, e.g., Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). A court may grant reconsideration under Rule 59 to (1) correct

clear error or prevent manifest injustice; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in law.  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Absent extraordinary circumstances, a motion to reconsider may not be used "to revisit issues already addressed or advance argument that could have been raised in prior briefing."  *Id*.;  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiffs do not assert that there is newly discovered evidence or a recent change in law. Rather, Plaintiffs contend that the Court's decision is contrary to law because the Order did not address the question of whether the magistrate had jurisdiction to issue proposed findings prior to addressing other issues.  Plaintiffs' position is without merit.  The Order addressed a number of pending motions in the order in which they were filed.  The constitutionality of the order of reference to the magistrate judge was raised in the second motion addressed in the Order. Furthermore, the constitutionality of the order of reference to the magistrate judge was not relevant to the first motion discussed in the Order, which challenged a decision made by this Court and not a proposed finding by the magistrate judge.

The Court has reviewed the record in this case and finds that it did not misapprehend or misapply the law or the facts and Plaintiffs' objections, which are construed as a motion for reconsideration, will be denied.

**IT IS THEREFORE ORDERED** that Plaintiffs [sic] Objections to the Court Order, filed July 8, 2005, **[Doc. No. 187]** are **DENIED**.

Dated this 1st day of March, 2005.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
    Mike Bello, Esq.

<u>Attorneys for Defendants</u>:
    Cynthia Tessman, Esq.
    Dylan O'Reilly, Esq.