IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES DRAIN and RACHEL DRAIN, *et al.*,

        Plaintiffs,

vs.

                              Civ. No. 04-0399 MV/KBM

WELLS FARGO BANK, MINNESOTA,
NA, as TRUSTEE for ITLA MORTG.,
LOAN SECURITIZATION 2002-1,LLC, and
ACCREDITED HOME LENDERS INC., and
FAIRBANKS CAPITAL CORP., UTAH and
its Director, BASMAJIAN T. DOYLE,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's [sic] Request for Disclosure under 28 U.S.C. § 455 to the Court, filed July 6, 2005, **[Doc. No. 185]**, and Plaintiff's [sic] Motion to Recuse the Chief District Judge Together With Certificate of Good Faith, filed August 11, 2005, **[Doc. No. 204]**.

In the first motion, Plaintiffs request that the "Chief District Judge make the mandatory self examination and the mandatory full disclosures under 28 U.S.C. § 455 et seq." Section 455 enumerates specific standards for disqualification of trial judges. It is meant to be self-enforcing, and imposes an affirmative duty upon all judges to independently evaluate any facts that may cast doubt upon their impartiality. Pursuant to this duty, in every case I assure myself that nothing in § 455 requires me to disqualify myself from the case. I make this determination at the beginning of every case and revisit the question when warranted by developments in the case. Plaintiffs may be

assured that this analysis has been conducted in this case and that I determined that no grounds existed for disqualification.  Section 455, however, does not require a judge to provide any disclosures to a party.  To the extent Plaintiffs' motion seeks disclosures pursuant to § 455, it will be denied.

In the second motion, Plaintiffs request that I recuse myself from hearing this case because "[c]learly, the Chief Judge has personal bias against the Plaintiffs [sic] causes and interests and may also include having personal knowledge of disputed evidentiary facts of these proceedings gathered from sources outside of the proceedings."  Plaintiffs cite two facts in support of this statement:  1) the timing of my ruling on a motion to dismiss and 2) my refusal to make disclosures pursuant to 28 U.S.C. § 455.  Neither of these assertions is sufficient to reasonably call my impartiality into question.

First, as discussed above, there is no duty to provide any disclosures to a party pursuant to 28 U.S.C. § 455.  Consequently, refusal to provide such disclosures cannot provide the basis for a motion to recuse.

Second, on or about January 14, 2005, the magistrate judge assigned to this case notified me that a question had arisen regarding whether an appearance at an upcoming settlement conference by a defendant who was asserting he had not been properly served would constitute waiver of any legal defenses.  The magistrate judge suggested that this dispute could be avoided if I ruled on the defendant's pending motion to dismiss prior to the conference.  I immediately reviewed the motion to dismiss, determined that the defendant had not been properly served, and issued an order that explained in some detail how service was defective.  The fact that I ruled promptly on a motion to avoid an unnecessary complication in the case does not bring my

impartiality into question.

In my view, a reasonable person with access to all the relevant facts would not question my impartiality. There is as much an obligation for judge not to recuse herself when there is no occasion for her to do so as there is for her to do so when there is. *U.S. v. Burger*, 964 F.2d 1065 (10th Cir. 1992).

**IT IS THEREFORE ORDERED** that Plaintiff's [sic] Request for Disclosure under 28 U.S.C. § 455 to the Court, filed July 6, 2005, **[Doc. No. 185]**, and Plaintiff's [sic] Motion to Recuse the Chief District Judge Together With Certificate of Good Faith, filed August 11, 2005, **[Doc. No. 204]** are **DENIED**.

Dated this 1st day of March, 2006.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
    Mike Bello, Esq.

Attorneys for Defendants:
    Cynthia Tessman, Esq.
    Dylan O'Reilly, Esq.