## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAMES DRAIN and RACHEL DRAIN, *et al*.,

        Plaintiffs,

                                    Civ. No. 04-0399 MV/KBM

vs.

WELLS FARGO BANK, MINNESOTA,
NA, as TRUSTEE for ITLA MORTG.,
LOAN SECURITIZATION 2002-1,LLC, and
ACCREDITED HOME LENDERS INC., and
FAIRBANKS CAPITAL CORP., UTAH and
its Director, BASMAJIAN T. DOYLE,

        Defendants.

## <u>AMENDED MEMORANDUM OPINION AND ORDER[1]</u>

**THIS MATTER** comes before the Court on Defendant Fairbanks' request for sanctions and attorney fees for their discovery motion filed March 8, 2005, **[Doc. No. 86]**;[2] Defendant Accredited Home Lenders, Inc.'s  Motion for Order to Show Cause and Contempt, filed April 13, 2005, **[Doc. No. 131]**; Defendants Fairbanks and Wells Fargo's Motion for Discovery Sanctions, filed June 20, 2005, **[Doc. No. 152]**; Defendant Accredited Home Lenders, Inc.'s Motion for Discovery Sanctions, filed June 23, 2005, **[Doc. No. 175]**; and Defendant Fairbanks

---

[1]  The Memorandum Opinion and Order filed on March 1, 2006, is being amended because the Court incorrectly ordered the $5000 monetary sanction to be paid to Defendant Accredited Home Lenders and Defendant Fairbanks Capital Corp. rather than to Defendant Wells Fargo and Defendant Fairbanks Capital Corp.  In all other respects, the Amended Memorandum Opinion and Order is identical to the March 1, 2006 Memorandum Opinion and Order.

[2]  The Magistrate Judge's Findings of Fact and Recommended Disposition references Defendant Fairbanks' filing at Docket Number 87 as also seeking attorney's fees.  The Court has reviewed this document, however, and sees no request for attorney's fees contained within it.

and Wells Fargo's Motion for Sanction, filed April 1, 2005, **[Doc. No. 117]**.

Regrettably, these motions require the Court to consider whether to impose the ultimate sanction–dismissal of the case–for an ongoing and unrelenting course of improper and vexatious conduct by Plaintiffs and their counsel.  Plaintiffs and their counsel's conduct in this case has been marked by repeated failures to follow the requirements imposed on all parties and their representatives in this Court; unsupported accusations against the Court and other counsel; purposefully misleading statements and citations; and a complete lack of understanding of this Court and its process.  To operate effectively, our judicial system relies on the appearance of advocates who will represent their clients with a level of ethics, competence, and decorum commensurate with their professional status.  When advocates fail to meet that standard, opposing parties are prejudiced, the Court's ability to judge disputes is hampered, and our judicial system cannot operate at the level our society demands.  In this case, Plaintiffs and their counsel have so interfered with the efficient and effective operation of the judicial system that Defendants have been forced to seek dismissal of the case as a sanction for Plaintiffs and their counsel's conduct.

The Magistrate Judge assigned to this case held a hearing on Defendants' motions for sanctions ("Sanctions Hearing"), and recommended that the case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37 and that monetary sanctions be imposed against Plaintiffs' counsel, Mike Bello.  *See* Proposed Findings and Recommended Disposition, filed December 16, 2005, [Doc. No. 220].  Plaintiffs timely filed objections to the proposed findings

and recommended disposition.[3]  *See* Plaintiffs [sic] Objections to Magistrate Judge Molzen [sic]

Memorandum and Recommendation on Plaintiffs [sic] Cause, filed December 27, 2005, [Doc.

No. 221].

> The Court has reviewed the entire record in this case, including the motions, the transcript

of the Sanctions Hearing, the proposed findings and recommended disposition, and Plaintiffs'

objections.  Plaintiffs have not requested an additional hearing, and, based on its review of the

record, the Court has concluded that another hearing is not necessary.

**FACTUAL FINDINGS**

> The Court's recitation of the factual background of these matters will be limited to

discussion of the acts that Defendants assert warrant sanctions and that otherwise formed the

basis of the Magistrate Judge's recommendation that sanctions be imposed.

**A.      Plaintiffs' Failure to Participate in Discovery as Required by the Federal
Rules of Civil Procedure and the Local Rules.**

> Defendants have raised several instances of Plaintiffs' failure to respond to properly served

discovery.

**1.  Plaintiffs' Failure to Respond to Written Discovery Requests**

> The record reveals that Plaintiffs failed to serve complete and timely responses to

numerous discovery requests, including Defendants' interrogatories, requests for production and

requests for admissions.  Plaintiffs' failures to respond have forced Defendants to file motions to

---

[3]  Plaintiffs objected to the Magistrate Judge's "continuous exercise of jurisdiction in this
case, 3 months into the appeal challenging her jurisdiction and which is still before the Court of
Appeals in violation of due process."  Plaintiffs [sic] Objections to Magistrate Judge Molzen [sic]
Memorandum and Recommendation on Plaintiffs [sic] Cause, filed December 27, 2005, [Doc.
No. 221].  The Tenth Circuit, however, dismissed Plaintiffs' appeal on November 3, 2005, and
Plaintiff's motion for rehearing was denied on December 7, 2005.

compel responses to virtually every discovery request.  Plaintiffs then failed to file timely

responses to the vast majority of Defendants' motions to compel.  The Magistrate Judge

ultimately granted all of Defendants' numerous motions to compel, finding that Plaintiffs'

responses were untimely, incomplete, evasive, and, at times, nonsensical.  The Magistrate Judge

ordered prompt service of full responses to Defendants' discovery requests without objections.

*See, e.g.*, June 17, 2005 Memorandum Opinion and Order, [Doc. No. 151] and August 30, 2005

Order, [Doc. No. 207].[4]  There is no evidence that Plaintiffs ever complied with the Magistrate

Judge's orders.

### 2.  Plaintiffs' Failure to Appear for Depositions

Plaintiffs also failed to appear for their depositions, which Defendants had properly

noticed for dates suggested by Plaintiffs' counsel.  In March, 2005, Defendants began trying to set

dates for Plaintiffs' depositions.  Defendants' counsel twice inquired about potential dates for

Plaintiffs' depositions but Plaintiffs did not respond.  Defendants, therefore, set the depositions of

Plaintiffs on May 19 and May 20, 2005.  Upon receipt of the deposition notices, Mr. Bello sent a

letter stating that the May 19 and 20 dates were "in conflict" with his schedule and advised that

"the week of May 30, 2005 thru June 2, 2005 is available and could be worked out on further

consultation for a definite confirmation."  Doc. No. 153, Ex. 6.  In accordance with Mr. Bello's

request, Defendants reset Plaintiffs' depositions for June 1st and June 2nd and served Amended

Notices of Deposition.

On May 27, 2005, Mr. Bello faxed a letter to Defendants stating that he had not received

---

[4]  Plaintiffs, rather than filing objections in this Court, appealed the Magistrate Judge's
August 30, 3005 discovery order to the Tenth Circuit.  The Tenth Circuit promptly dismissed the
appeal for lack of jurisdiction.  October 27, 2005 Order [Doc. No. 219].

word about the final scheduling of the depositions and that his clients were no longer available for deposition on the dates he had provided.  Defendants immediately responded via fax that the depositions had been properly noticed and that Plaintiffs were expected to appear as scheduled. Defendants attached copies of the Amended Notices of Deposition and the certified mail return receipt showing delivery of the Amended Notices on May 17, 2005.  Mr. Bello did not respond to this fax and Plaintiffs did not appear for their scheduled depositions.

At the Sanctions Hearing, Mr. Bello admitted that the person who signed the certified mail return receipt for the Amended Notices of Deposition was authorized to accept mail on his behalf but maintained that he had not received the Amended Notices of Deposition.  Mr. Bello did not deny, however, that he received Defendants' May 27, 2005 fax enclosing copies of the Amended Notices of Deposition and the certified mail return receipt showing delivery of the Amended Notices of Deposition on May 17, 2005.  At that point, Mr. Bello was certainly aware that the depositions had been properly noticed.  Mr. Bello, however, did not file a notice of non-appearance or move for a protective order.  Mr. Bello contended that he was not required to file a notice of nonappearance or move for a protective order because "I would think that the notice of nonappearance or for protection would only be necessary if we feel we don't need to be deposed, but we agreed to be deposed."  Transcript of Sanctions Hearing at p. 117.   Mr. Bello then suggested that Defendants were at fault for showing up at the deposition when they "knew a few days before the deposition that we are not in the same mindset."  *Id*. at 120.

### 3.   Plaintiffs' Failure to Provide Healthcare Information In Their Initial Disclosures

Defendants also assert that Plaintiffs' initial disclosures were deficient.  On

December 14, 2004, the Court entered an Order requiring Plaintiffs to serve their initial

disclosures on or before December 22, 2004.  *See* Order Assigning Standard Track and Setting

Pretrial Deadlines, [Doc. No. 55].  Plaintiffs served their initial disclosures by that deadline, but

did not include the healthcare information required by Local Rule 26.3(d).  *See* D.N.M.LR-Civ.

26.3(d) (requiring disclosure of certain healthcare information by a party whose physical or mental

medical condition is an issue in the case).  Defendant Accredited Home Lenders, Inc., filed a

motion to compel the disclosures required by Local Rule 26.3(d).  Plaintiffs opposed this motion

on the grounds that Plaintiffs' physical or mental conditions were not an issue in this case, and

that Local Rule 26.3(d) was inconsistent with the Federal Rules of Civil Procedure and violated

Plaintiffs' privacy rights under the First Amendment and New Mexico law.  The Magistrate Judge

rejected Plaintiffs' arguments and granted the motion to compel.

Plaintiffs filed objections to the Magistrate Judge's order granting the motion to compel

and, on the day the disclosures were due under the order, filed a motion for protective order.

Plaintiffs did not, however, seek a stay of the Magistrate Judge's order.  This Court overruled the

Plaintiffs' objections on August 1, 2005, finding that Local Rule 26.3(d) applied to Plaintiffs'

claims.  *See* Amended Memorandum Opinion and Order, filed August 1, 2005, [Doc. No. 197].

At the August 11, 2005 Sanctions Hearing, Mr. Bello stated that Plaintiffs would provide

the medical information and releases to Defendants:

> Now that the Court has--I mean, the Chief Vazquez has made the final ruling on it
> that is specific to the claim rather than the broad medical history of my clients for
> the past five years are specific to their claim that those--that she--that the Court
> finds that those medical information that we have should be provided, and we will
> produce those.

Transcript of Sanctions Hearing at p. 44.  A few minutes later, however, Mr. Bello stated that

"there is no medical information that we have that we are withholding," and that "[w]hatever

[Plaintiffs] have concerning how they deal with stress will be used--or that may be used as

evidences [sic] towards their emotional claim, we will produce those records." *Id*. at 45 & 48.

There is no evidence that Plaintiffs have provided any medical information or releases to

Defendants.

　　　　While the Court agrees that Local Rule 26.3(d) applies to this case, the Court disagrees

with the Magistrate Judge's conclusion that failure to provide any medical information or releases

necessarily constitutes a discovery violation.  Originally Local Rule 26.3(d) required disclosure of

*all* medical information in all cases in which the physical or mental condition of a party was at

issue.  D.N.M.LR-Civ. 26.3(d) (1999).  In 2002, however, the rule was narrowed to require

disclosure only of medical information that *the disclosing party may use to support its claims or

defense.*  D.N.M.LR-Civ. 26.3(d)(2002).

　　　　While the Court could not find any published caselaw interpreting Local Rule 26.3(d), the

plain language of the statute suggests that a party need provide, as part of its initial disclosures,

only the medical information it intends to use to support its claims or defenses.  While additional

medical information may be discoverable, it is not required by Local Rule 26.3(d) to be disclosed

in the initial disclosures.  Consequently, Plaintiffs' failure to provide any such information in their

initial disclosures is arguably not a violation of Local Rule 26.3(d) as long as Plaintiffs do not

intend to use medical information to support their claims.  Thus, while Plaintiffs' failure to

provide this information as part of their initial disclosures may prohibit Plaintiffs from relying on

such information in support of their claims, it is not necessarily a discovery violation and the

Court will not rely upon it as a basis for imposing sanctions.[5]

### B.  Plaintiffs' Unfounded Accusations Against Opposing Counsel and the Court

On February 14, 2005, the Magistrate Judge was forced to take the unusual step of requiring only written communications between the parties due to Plaintiffs' repeated accusations against opposing counsel of unethical and unprofessional behavior.  While the written communication order may have curtailed Plaintiffs' accusations based on oral conversations, Plaintiffs continued making baseless accusations against both Defendants and the Court.  Nearly every document filed by Plaintiffs contains accusations of unprofessional conduct or bias by Defendants and/or the Court.  And, as noted by the Magistrate Judge, these accusations became increasingly vitriolic as the case progressed.  Notably, many of Plaintiffs' allegations were based on wholly legitimate acts.  For example, Defendants once hand-delivered a package to the address where Mr. Bello receives his mail.  Calling such an act "deceptive," Plaintiffs requested that the Court order "Defendants to straighten up and desist from any such further unethical and unlawful actions." Plaintiffs [sic] Objections and Responses to Testimony and Documents Submitted by Attorneys Ms. Cynthia Tessman and Dylan O'Reilly at Hearing of August 11, 2005, filed August 31, 2005, [Doc. No. 208] at p. 7.

Other accusations made by Plaintiffs were based solely on speculation.  For example, the Magistrate Judge held a hearing on several motions including motions that raised the issue of frequent and consistent discrepancies between postmark dates and certification dates on pleadings

---

[5]  This conclusion would be different if the Court had ordered Plaintiffs to produce certain information pursuant to Local Rule 26.3(d) and Plaintiffs refused.  In this case, however, the Court simply ordered Plaintiffs to produce the disclosures required by Local Rule 26.3(d) and, arguably, Plaintiffs have complied with this order.

served by Plaintiffs.  When Defendants brought the relevant documents to the Sanctions Hearing,

Mr. Bello asserted that Defendants brought the documents with possible approval of the

Magistrate Judge in an attempt to "ambush them and obtain unjust and predetermined result." *Id.*

at p. 5.  Plaintiffs, also without any evidentiary support, characterized the documents and the

testimony regarding the documents as "bogus, misrepresentation bad faith, and unethical

maneuvers of process."  *Id.* at p. 6.

Another category of Plaintiffs' accusations include those based on Plaintiffs' erroneous

interpretation of law.  Plaintiffs, citing no legal support, filed a motion requesting that the "Chief

District Judge make the mandatory self examination and the mandatory full disclosures under

28 U.S.C. § 455 et seq."[6] *See* Plaintiffs [sic] Request for Disclosure Under 28 U.S.C. § 455 to the

Court, filed July 6, 2005, **[Doc. No. 185].**  And, when the Court did not agree to this

unprecedented and unsupported request, filed a motion to recuse because "[c]learly, the Chief

Judge has personal bias against the Plaintiffs [sic] causes and interests and may also include

having personal knowledge of disputed evidentiary facts of these proceedings gathered from

sources outside of the proceedings."  *See* Plaintiff's [sic] Motion to Recuse the Chief District

Judge Together With Certificate of Good Faith, filed August 11, 2005, **[Doc. No. 204]**.

The Court finds no basis for Plaintiffs' accusations of bias and bad faith against either the

Court or opposing counsel.  While at times the Magistrate Judge spoke bluntly to Mr. Bello about

his conduct and arguments, these comments do not support Plaintiffs' accusations of judicial bias.

---

[6] Section 455 enumerates specific standards for disqualification of trial judges.  It is meant
to be self-enforcing, and imposes an affirmative duty upon all judges to independently evaluate
any facts that may cast doubt upon their impartiality.  Nothing in Section 455, however,  requires
a judge to provide any disclosures to a party.

Mr. Bello's unsupported and unwarranted accusations against the Court and opposing counsel reflect his lack of respect for the judicial system and his disregard of his obligations as an officer of the court.

### C.  Plaintiffs' Counsel's Certification of Incorrect Service Dates

Defendants assert that throughout the case, pleadings served by Plaintiffs have been postmarked many days after the service date listed on the verified certificate of service.  Early in the litigation Defendants alerted the Court to a number of discrepancies in the postmark date and the certificate of service date on Plaintiffs' pleadings.  In order to create a reliable record regarding when and how service was accomplished, at the initial Rule 16 hearing held December 14, 2004, the Magistrate Judge ordered counsel "to make service of all pleadings by certified mail."  Clerk's Minutes, filed December 15, 2004, [Doc. No. 54].  Plaintiffs ignored this order and the issue of incorrect certifications continued to divert the attention of the Court and the parties from the merits of the case.

At the Sanctions Hearing, Defendants offered numerous documents mailed to them from Plaintiffs where the actual postmark date differed by as much as eight days from the certification date.[7]  Defendants authenticated these documents with witnesses who were subject to cross-examination at the hearing.  Even though the issue of false certifications had been raised in the motions noticed for the hearing, Plaintiffs contended that they were "ambushed" at the hearing with these exhibits.  Consequently, the Magistrate Judge permitted Plaintiffs to file a written response to the postmark/certification testimony and documents after the hearing.

---

[7] A chart listing these documents and the discrepancy in the mailing and certification dates is contained in the Magistrate Judge's recommended disposition.

In their written response, Plaintiffs questioned whether Defendants accurately kept track of which documents were sent in which envelopes and imputed a bad faith motive to Defendants for keeping such records.  Mr. Bello also submitted an affidavit that Plaintiffs' response characterizes as stating "that all the document he served were delivered for the mail and or put in the mail on the dates stated on the certificate of service."   Plaintiffs [sic] Objections and Responses to Testimony and documents Submitted by Attorneys Ms. Cynthia Tessman and Dylan O'Reilly at Hearing of August 11, 2005, filed August 31, 2005, [Doc. No. 208], at p. 7.  To the contrary, the affidavit Mr. Bello submitted states, in its entirety, that:

> 1.  That I am Mike Bello, the attorney for Appellant in the above named and numbered cause and that I am competent and of sound mind and above the age of 21 years old.
>
> 2.  That the statements contained in this document are true and correct according to my knowledge and it was made for the purpose of justice and not for delay.

*Id*. at Ex. A.  This affidavit, of course, states nothing.  It certainly does not suggest that Mr. Bello mailed documents in a manner consistent with his certifications.

Plaintiffs also submitted an affidavit from Mike Moralez, owner of the Pack & Mail business in Clovis, that states that he handles the mailings for Mr. Bello.  *Id*. at Ex. B.  This affidavit similarly provides no information on how the mailings are handled and no explanation for the discrepancies between the postmarked dates and the certificate of service dates.

In short, Plaintiffs presented no evidence explaining the discrepancies between the postmark dates and the certificate of service dates.  The overwhelming evidence compels the finding that Plaintiffs repeatedly prepared false certificates of service.

### D.   Plaintiffs' Counsel's Lack of Familiarity With Court Procedure and Failure to Follow Rulings of Court

Throughout this proceeding Plaintiffs' counsel has demonstrated a complete lack of understanding of federal civil procedure and has refused to follow the Court's direction and orders clarifying the applicable law and procedure.  First, Plaintiffs refused to accept the Court's authority to refer the case to a magistrate judge to make findings of fact and recommended dispositions on motions.  Relatively early in the case, the Court determined that the case would benefit from close management and monitoring to ensure compliance with the Federal Rules of Civil Procedure and the principles of the Civil Justice Reform Act.  Consequently, on February 28, 2005, the Court entered an Order of Reference referring the case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) to make proposed findings of fact and recommended dispositions on all motions.  *See* February 28, 2005 Order of Reference, [Doc. No. 78].  Plaintiffs filed "objections" to the Order of Reference, asserting that the reference to the Magistrate Judge was unconstitutional because Plaintiffs had not consented to magistrate judge jurisdiction.  *See* Plaintiffs' Response and Objections to District Judge Vasquez [sic] Order of Reference Pursuant to 28 U.S.C. § 636, filed March 10, 2005, [Doc. No. 90].  Plaintiffs also filed a motion to vacate all of the proposed findings and recommended dispositions made by the Magistrate Judge pursuant to the Order of Reference.  *See* Plaintiffs [sic] Motion to the Court to Vacate Orders, filed March 22, 2005, [Doc. No. 105].

The Court construed Plaintiffs' filing, which was filed within ten days of the filing of the Order of Reference, as a motion for reconsideration.  The Court went on to deny Plaintiffs' motion, noting that:

> Even a cursory review of Plaintiffs' filings reveal that the argument is wholly without merit.  While magistrate judges may not decide certain motions without the consent of the parties, the statute clearly provides that a judge may

12

"designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion."  28 U.S.C. § 636(b)(1)(B).  Referring a matter to a magistrate judge to propose findings of fact and recommended disposition does not require the consent of the parties.  *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000) ("28 U.S.C. § 636(b)(1)(B) does not require the consent of the parties").

If Plaintiffs' counsel had conducted any legal research, or even read the statute, he would have discovered that his argument was contrary to the plain language of the statute and Tenth Circuit caselaw.  Plaintiffs' position is wholly without legal merit and Plaintiffs' objections to the Order of Reference, which is actually a motion for reconsideration, and Plaintiffs' motion to vacate will be denied.

June 21, 2005 Memorandum Opinion and Order, [Doc. No. 172], at pp. 5-6.

The Court went on to caution Plaintiffs about filing frivolous arguments:

Plaintiffs are hereby cautioned that frivolous arguments may subject Plaintiffs and/or their counsel to Rule 11 sanctions.  *See* Fed. R. Civ. P. 11(b)(2) (by presenting a motion to the court, an attorney is certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [the] legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.")  An argument contained in a motion is frivolous under Rule 11 if it is unreasonable when viewed from the perspective of "a competent attorney admitted to practice before the district court."  *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986); *see also Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985) (Rule 11 is violated when,"after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law").

*Id.* at pp. 6-7.

In the Order, the Court explicitly instructed Plaintiffs that if a party believes the district court has issued an order contrary to the facts or law, the proper course is to file a motion pursuant to Fed. R. Civ. P. 59 or 60, not a "response" or "objections."   Nonetheless, Plaintiffs subsequently filed "objections" to this Order.  *See* Plaintiffs [sic] Objections to the Court Order,

filed July 8, 2005, [Doc. No. 187]**.**  These "objections," once again, were construed as a motion for reconsideration and denied as without basis.   *See* March 2, 2006 Memorandum Opinion and Order, [Doc. No. 226].  Despite the Court ruling on this issue twice and the utter lack of support for Plaintiffs' position, Plaintiffs continued to argue in nearly every subsequent filing that the Magistrate Judge did not have jurisdiction to make proposed findings and recommended dispositions on motions.  At time, Plaintiffs even challenged whether the Magistrate Judge had authority to rule on discovery motions.

Second, Plaintiffs demonstrated an inability to comprehend how parties are served under the Federal Rules of Civil Procedure and refused to accept the Court's determination that Defendant Basmajian had been improperly served.  On October 6, 2004, Plaintiffs filed a motion for entry of default against Defendant Basmajian.  *See* Plaintiff's [sic] Request With Affidavit to the Court for Entry of Default Against Defendant Basmajian T. Doyle, filed October 6, 2004, [Doc. No. 31].  The clerk refused to enter the default because there was no evidence that service had been effected.   Defendant Basmajian filed a motion to dismiss contending, in part, that he had never been properly served.  Plaintiffs opposed this motion and filed a second motion for default judgment against Defendant Basmajian.  *See* Plaintiffs' Motion for Default Judgment, filed November 18, 2004, [Doc. No. 44] and Plaintiff's [sic] Second Request With Affidavit to the Court for Entry of Default Against Defendant Basmajian T. Doyle, filed November 18, 2004, [Doc. No. 43].  On January 14, 2005, the Court entered an Order dismissing Defendant Basmajian for failure to serve in accordance with the Federal Rules of Civil Procedure.  *See* January 14, 2005 Memorandum Opinion and Order, [Doc. No  59].  In this Order, the Court explained in some detail how Plaintiffs' service did not comport with the requirements of the

14

Federal Rules of Civil Procedure.

Plaintiffs filed a motion to vacate or reconsider this decision.  *See* Plaintiff's [sic] Motion to Vacate or to Reconsider Decision Granting in Part Defendant Basmajian [sic] Motion to Dismiss, filed January 26, 2005, [Doc. No. 62].  The Court found that Plaintiffs' motion was unsupported and without basis.  In its Opinion, the Court noted that in addition to not understanding how to effectuate service, Mr. Bello clearly misunderstood or misinterpreted several other Federal Rules of Civil Procedure.  For example, Mr. Bello asserted that a document was timely filed with the Court if it was placed in the mail on the day it is required to be filed and indicated that he calculated the date a response was due based on the day he actually received the opening brief in the mail.  After attempting to correct these misinterpretations, the Court expressed its concern that Mr. Bello's misunderstanding of the Federal Rules of Civil Procedure was jeopardizing Plaintiffs' case:

> The Court is concerned that Plaintiffs' counsel's fundamental misunderstanding of, or lack of familiarity with, the Federal Rules of Civil Procedure and the Court's local rules, is jeopardizing Plaintiffs' case.  The Court, therefore, will require Plaintiffs' counsel to read the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of New Mexico within ten days of the date of this Order.  The Court will also require Plaintiffs' counsel to certify that he has provided Plaintiffs with a copy of this Memorandum Opinion and Order.

June 21, 2005 Memorandum Opinion and Order [Doc. No. 172] (internal footnote omitted).

Despite having no legal basis to challenge the Court's ruling, Plaintiffs filed a Writ of Mandamus seeking to have the Tenth Circuit direct this Court to enter a default judgment against Defendant Basmajian.  This request was denied by the Tenth Circuit.  April 5, 2005 Order [Doc. No. 128].

Third, compounding Plaintiffs' counsel's unfamiliarity with federal procedure and law is his ongoing and apparently intentional practice of misfiling legal precedent.  Defendants contend that Plaintiffs' filings contain "unjustified legal contentions," "ignore favorable precedent," and "show a lack of familiarity with the law."   This Court has reviewed the examples of miscitations mentioned in Defendant Wells Fargo's brief and found that Plaintiffs repeatedly cite cases for propositions for which they do not stand.  As a single example, among many, Plaintiffs asserted that "[i]t is well settled that service, or notice of suit served on the attorneys for the Defendant is sufficient. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)."  Plaintiff's [sic] Responses and Objections to Defendant Basmajian T. Doyle Motion to Dismiss, filed November 4, 2004, [Doc. No. 42], at p. 2.  *Murphy Brothers*, however, addressed a question regarding commencement of the thirty-day time period for removal, and does not address service on attorneys.

While an occasional incorrect citation may be inadvertent, the number of incorrect citations in Plaintiffs' filings can only be interpreted as a deliberate attempt to mislead the Court and the parties, to cause unnecessary delay, and to needlessly increase the costs of litigation.

## DISCUSSION

### I.  Sanctions for Discovery Violations

Defendants seek sanctions, including dismissal, for discovery abuses pursuant to Rule 37 of the Federal Rules of Civil Procedure.  It is well-established that a district court has discretion to dismiss a case for discovery violations.  Because dismissal is such a harsh sanction, however, it is appropriate only in cases of "'willfulness, bad faith, or [some] fault' of the party.  *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (quoting *National*

*Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976)). Before choosing the sanction of dismissal, the district court must consider (1) the amount of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir.1992).

## A.  The Amount of Actual Prejudice to the Opposing Party

There is no question that Defendants have been prejudiced by Plaintiffs' conduct in this case. From the beginning, Plaintiffs' conduct has obstructed the orderly progression of this case. For the first time in the Magistrate Judge's tenure on the bench, the parties in a case were unable to agree on anything for inclusion in the Proposed Discovery Plan or the Initial Pretrial Report. Plaintiffs filed untimely and incomplete discovery responses, requiring Defendants to file motions to compel every discovery response. Plaintiffs failed to file responses to Defendants' motions to compel, and, once the Magistrate Judge granted the motions to compel and ordered Plaintiffs to file complete responses, ignored the Court's orders. Plaintiffs appeared forty-five minutes late for the initial Rule 16 conference and failed to appear for their depositions. As a result, nearly two years and over two hundred docket entries later, Defendants are no closer to understanding the basis for Plaintiffs' claims than they were when the claims were filed.

## B.      The Degree of Interference With the Judicial Process

This case has consumed an inordinate amount of judicial time. Initially, the Court thought

the difficulties in the case were attributable to Plaintiffs' counsel's lack of familiarity with federal rules and procedure and attempted to educate Mr. Bello by explaining its rulings in great detail and requiring that Mr. Bello read the local rules and the Federal Rules of Civil Procedure.  It quickly became apparent, however, that the difficulty in the case was not ignorance but a deliberate attempt by Plaintiffs to obstruct the orderly progression of this case.

The Court cannot recall another case in which a party has so obstructed the course of the judicial proceedings that nearly two years into the case the parties are no closer to a decision on the merits than when the case was filed.  This case has taken an inordinate amount of judicial resources, with little, if any, progress toward resolution.  The Court agrees with the Magistrate Judge's conclusion that Plaintiffs' actions have substantially interfered with the judicial process to the detriment of the parties and the Court.  In fact, it is hard to imagine how a party could be more obstructive.

Mr. Bello characterizes his conduct as zealous representation.  Zealous representation, however, is conducted within the confines of ethical behavior and the Federal Rules of Civil Procedure.  Mr. Bello's representation consists of ignoring established law, disregarding Court rules, refusing to comply with Court orders, refusing to accept rulings by the Court, taking frivolous appeals, making frivolous arguments, filing false certificates of service, attacking the Court and opposing counsel, and making blatant misrepresentations to the Court.  No reasonable person could characterize Mr. Bello's conduct as zealous representation.

## C.    The Litigant's Culpability

As discussed above, it is clear that Plaintiffs' conduct in this case is not the result of inadvertence or neglect.  Rather, Plaintiffs have intentionally and willfully set upon an

18

obstructionist course, wholly disregarding their obligations under the Federal Rules of Civil Procedure.

While Mr. Bello is the person who directed the course taken by Plaintiffs, a litigant is bound by the actions of its attorney, and the relative innocence of the litigant in the failure does not constitute grounds for relief.  As stated by the Tenth Circuit,  "[t]hose who act through agents are customarily bound by their agents' mistakes.  It is no different when the agent is an attorney. When an attorney drafting a contract omits an important clause, the client who signs the contract is bound. When a trial attorney is poorly prepared to cross-examine an expert witness, the client suffers the consequences. (It should be noted, however, that the mistreated client is not totally without a remedy. There may be a meritorious malpractice claim against the attorney.)" *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1189 (10th Cir. 2002).

In *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court upheld the district court's inherent power to dismiss an action with prejudice when the plaintiff's attorney, who had a history of dilatory conduct, missed a pretrial conference without an adequate excuse. Justice Harlan wrote:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

*Id.* at 633-34, 82 S.Ct. 1386 (internal quotation marks omitted).

In this case both the Magistrate Judge and the presiding judge took steps to ensure that

Plaintiffs were aware of the gravity of the situation resulting from their chosen counsel's litigation tactics. Both judges required Mr. Bello to provide copies of their orders warning that sanctions may be imposed to Plaintiffs. The Magistrate Judge also required Plaintiffs to attend the Sanctions Hearing. Despite the warnings that Mr. Bello's actions may result in the dismissal of their case, Plaintiffs continued to employ Mr. Bello as their representative.

### D.   Whether the Litigant was Warned in Advance that Dismissal was a Likely Sanction

Plaintiffs were warned numerous times that sanctions, including dismissal, may be imposed if they continued to disregard discovery obligations, make frivolous arguments, and disregard Court orders. *See, e.g.,* March 2, 2005 Memorandum Opinion and Order, [Doc. No. 81] ("Plaintiffs counsel shall file a certification that he delivered a copy of this Memorandum Opinion and Order to his clients and fully discussed with them the issues addressed herein, especially the possibility of sanctions including dismissal with prejudice if they knowingly and willfully fail to comply with the orders of the Court and its rules."; June 21, 2005 Memorandum Opinion and Order, [Doc. No. 172] ("Plaintiffs are hereby cautioned that frivolous arguments may subject Plaintiffs and/or their counsel to Rule 11 sanctions."); Notice of Hearing, filed June 24, 2005, [Doc. No. 181], ("Plaintiffs as well as their counsel and all defense counsel are ordered to appear in person and show cause why sanctions, including possible dismissal of the action, should not be imposed pursuant to Fed. R. Civ. P. 11 & 37 and 28 U.S.C. § 1927.").

### E.   Whether a Lesser Sanction Would be Effective

The Court does not believe a lesser sanction would be effective. This is not a case where a few isolated violations have occurred and a party has taken responsibility for the violations.

Rather, Plaintiffs have shown a pattern and practice of disregarding Court orders, their discovery obligations and applicable rules.  Further, Plaintiffs do not acknowledge any of these failures but, instead, resort to baseless attacks upon opposing counsel and the Court.  Given the number and degree of violations Plaintiffs have committed and the lack of any indication that Plaintiffs intend to change course, a lesser sanction does not appear effective.

The Court agrees with the Magistrate Judge that, after considering all the relevant factors, dismissal alone would satisfy the interests of justice.  For the reasons set forth in the Magistrate Judge's Proposed Findings and Recommended Disposition, as modified above, the Court will dismiss this case pursuant to Rule 37 for numerous and persistent discovery violations.

## II.  Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927

Defendants also request monetary and other sanctions against Mr. Bello personally pursuant to Rule 11 of the Federal Rules of Civil Procedure and  28 U.S.C. § 1927.   The Court may impose sanctions on an attorney if he presents a pleading, written motion, or other paper for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.  Fed. R. Civ. P. 11(b)(1).  Additionally, the Court may impose sanctions on an attorney if the claims, defenses, or other legal contentions made in a pleading, written motion, or other paper are not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law.  Fed. R. Civ. P. 11(b)(2).  Similarly, 28 U.S.C. § 1927 authorizes the Court to require an attorney who unreasonably and vexatiously multiplies the proceedings in any case to personally pay the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.  28 U.S.C. § 1927.

Like the Magistrate Judge, the Court is convinced that Mr. Bello's conduct violated Rule 11 and unreasonably and vexatiously multiplied the proceedings in this case pursuant to 28 U.S.C. § 1927.   Mr. Bello mailed documents up to a week after he certified they were served. A certificate of service is critical because that is the date that the time for filing a response runs. By not mailing his documents until days after he certified they were mailed, Mr. Bello reduced the amount of time Defendants had to respond.  Signing a false certificate of service constitutes an inaccurate representation to the Court in violation of Rule 11(b).

Mr. Bello also repeatedly miscited cases in his briefs and motions.  As noted by the Magistrate Judge, a few inaccurate citations may be innocent and not intended to mislead the Court or opposing counsel but a pattern of misrepresentations suggests a conscious decision to misrepresent the law.  Such misrepresentations needlessly delay and increase the costs of litigation.

In addition, Mr. Bello objected to every ruling made by the Magistrate Judge, filed "objections" or motions to reconsider on nearly every ruling made by the Court, and took two frivolous appeals to the Tenth Circuit.  Due to the lack of any legal or factual support for most of these filings, the Court can only construe Mr. Bello's actions as intended to unnecessarily delay or needlessly increase the cost of the litigation.

The Court agrees with the Magistrate Judge that monetary sanctions against Mr. Bello personally are warranted under Rule 11 and 28 U.S.C. § 1927.  Defendants have requested, in part, that a $5000.00 monetary penalty be imposed against Mr. Bello and that they be awarded their attorney fees and costs for filing their motion for sanctions and attending the hearing, and their attorney fees, costs and expenses incurred as a result of the unreasonable and vexatious

conduct of Mr. Bello.  The Magistrate Judge recommended "that monetary sanctions be imposed against Mr. Bello personally in the amount requested by Defendants in their motion for sanctions."[8]   The Court agrees with the Magistrate Judge that a $5000.00 monetary penalty payable to Defendants is necessary to partially compensate Defendants for the excess costs, expenses, and attorneys' fees reasonably incurred due to Mr. Bello's conduct and for effective deterrence.  Due to the additional sanctions imposed under Rule 37, the Court will not award any additional attorney's fees and costs.

<b><u>CONCLUSION</u></b>

**IT IS THEREFORE ORDERED** that Defendant Fairbanks' requests for sanctions and attorney fees in their discovery motion filed March 8, 2005, **[Doc. No. 86]**; Defendant Accredited Home Lenders, Inc.'s Motion for Order to Show Cause and Contempt, filed April 13, 2005, **[Doc. No. 131]**; Defendants Fairbanks and Wells Fargo's Motion for Discovery Sanctions, filed June 20, 2005, **[Doc. No. 152]**; Defendant Accredited Home Lenders, Inc.'s Motion for Discovery Sanctions, filed June 23, 2005, **[Doc. No. 175]** are **GRANTED in part**.  This case is hereby dismissed with prejudice as a sanction pursuant to Federal Rule of Civil Procedure 37 for discovery violations.

**IT IS FURTHER ORDERED** that Defendant Fairbanks and Wells Fargo's Motion for Sanction, filed April 1, 2005, **[Doc. No. 117]**, is **GRANTED in part**.  Monetary sanctions in the

---

[8]  The Magistrate Judge also recommended that this Court consider forwarding a copy of this Opinion to the New Mexico Disciplinary Board.  Subsequent to the Magistrate Judge's recommendation, an order was entered requiring Mr. Bello to show cause why his federal bar privileges should not be revoked.  This Court will defer the question of whether the New Mexico Disciplinary Board should be notified to the three judge panel holding the show cause hearing.

amount of $5000 are hereby imposed against Mr. Bello personally pursuant to Federal Rule of

Civil Procedure 11 and 28 U.S.C. § 1927.  This amount shall be paid in equal amounts to

Defendant Wells Fargo and Defendant Fairbanks within sixty days of the date of this Order.  In all

other respects, the motion is denied.

 **IT IS FINALLY ORDERED** that Plaintiffs' Motion to Quash the Subpoenas, filed June

16, 2005, **[Doc. No. 150]** and Plaintiffs' Motion for Stay of All Further Proceedings, filed

October 11, 2005, **[Doc. No. 214]**, are **DENIED** as moot.

 Dated this 2nd day of March, 2006.

 _____
 MARTHA VAZQUEZ
 U. S. DISTRICT COURT JUDGE

Attorney for Plaintiffs:
 Mike Bello, Esq.

Attorneys for Defendants:
 Cynthia Tessman, Esq.
 Dylan O'Reilly, Esq.

24