IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES DRAIN and RACHEL DRAIN, *et al*.,

        Plaintiffs,

vs.                                                                                             Civ. No. 04-0399 MV/KBM

WELLS FARGO BANK, MINNESOTA,
NA, as TRUSTEE for ITLA MORTG.,
LOAN SECURITIZATION 2002-1,LLC, and
ACCREDITED HOME LENDERS INC., and
FAIRBANKS CAPITAL CORP., UTAH and
its Director, BASMAJIAN T. DOYLE,

        Defendants.

## MEMORANDUM OPINION AND ORDER

In an Order dated May 3, 2007, the Tenth Circuit awarded Defendants/Appellees Wells Fargo Bank, Fairbanks Capital Corp., and Basmajian T. Doyle double costs, as well as the reasonable attorney's fees and the reasonable expenses they incurred in defending Plaintiffs' appeal in this matter.  *See* May 3, 2007 Order, filed May 24, 2007, [Doc. No. 241].  The Tenth Circuit remanded the case to this Court to determine the reasonable attorney's fees and expenses to be awarded.  *Id*.  In accordance with the Tenth Circuit's Order, Defendants Wells Fargo and Fairbanks submitted billing invoices and other supporting documents detailing the fees and expenses they incurred defending the appeal in this matter.  *See* Defendants Wells Fargo's and Fairbanks' Application for Award of Attorney's Fees and Expenses With Consolidated Memorandum Brief, filed May 23, 2007, [Doc. No. 239], and Supplement to Defendants Wells Fargo's and Fairbanks' Application for Award of Attorney's Fees and Expenses with Consolidated Memorandum Brief, filed July 10, 2007, [Doc. No. 242].  Plaintiffs' attorney, who

is personally responsible for the payment of the fees and costs, did not file a response.

## I. The Lodestar Calculation

To make the initial determination of what amount is a reasonable fee, a court should take "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The product of this multiplication is called the lodestar. The lodestar provides an "objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* The fee applicant bears the burden of demonstrating that the number of hours and the hourly rate are reasonable. *Id*.

### A. Reasonable Hourly Rates

The first step in setting a rate of compensation is to determine the prevailing market rate in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 866, 895 & n. 11 (1984); *see also Beard v. Teska*, 31 F.3d 942, 956-97 (10th Cir. 1994). In this case, Defendants' lead counsel, Dylan O'Reilly, requests hourly rates of $150 and $175 (his billing rate apparently increased during the pendency of this litigation). While Defendants provide no information on Mr. O'Reilly's skill, experience, or reputation, the Court finds that $150 per hour is consistent with the prevailing market rates in this community for an attorney with limited experience and that it is reasonable for this rate to have increased by $25 per hour over the course of this litigation.

Defendants also seek an hourly rate of $200 for Patricia Bradley, an hourly rate of $175 for Robin Goble, and an hourly rate of $150.00 for Kelsey Green. Again, no information was provided to the Court regarding these attorneys' experience, skill or reputation. *See Hensley v. Eckerhart*, 461 U.S. at 433 (fee applicant bears the burden of demonstrating that the hourly rate is reasonable). Furthermore, a review of the billing records does not provide any assistance in

determining if these rates are reasonable. Ms. Bradley spent the majority of her time doing legal research--a task generally performed by junior attorneys--and the other two attorneys simply reviewed case documents in order to participate in a moot of Mr. O'Reilly's oral argument. Because the Court cannot determine if the requested hourly rates are reasonable, it will reduce these rates to $150.00 an hour–the rate earned by the lead attorney for most of the case.

### B. Reasonable Hours Expended

Defendants have submitted billing records reflecting the expenditure of 192.5 hours of work associated with defending the appeal in this matter. The Court has carefully examined the time records submitted in support of the fee application and finds that the hours expended defending the appeal are reasonable with the exceptions discussed below.

#### 1. Response to Motion to Stay

Defendants' attorneys prepared and filed a response to a motion to stay that was never filed by Plaintiffs. Without determining whether it is reasonable to prepare (and file) a response to an unfiled motion, the Court finds that these proceedings occurred in the underlying district court case and were not part of defending the appeal. Accordingly, 3.9 hours will be deducted for time entries related to researching and preparing the response to the unfiled motion to stay.

#### 2. Preparation for Oral Argument

Defendants' counsel spent over 70 hours preparing for oral argument in this case. Given the simple issues raised in the appeal, the Court finds this amount of time unreasonable and will reduce it by approximately 40%, or 28 hours. Even with this reduction, the amount of hours spent to prepare for oral argument--over forty hours--is on the high side of reasonable given the level of complexity involved in the appeal.

#### 3. Other

The following time entries appear to be unrelated to this case and will be deducted from the number of hours reasonably expended:

    8/04/2006    Telephone conference with NM Court of Appeals regarding deadline for Appellant's Brief in Chief.  (.1 hour)

    10/23/2006    Investigation regarding assets listed on Schedules compared to data in file.  (.3 hour)

The following entries appear to involve work both on the state and federal case.  In the absence of any breakdown between the two cases, the Court will disallow these time expenditures:

    8/30/2006    E-mail message to Ms. Jimenez regarding end-of-month report with update on federal and state court [].  (.5 hour)

    11/13/2006    Outline arguments for responding to Drain bankruptcy filing in Tenth circuit appeal and state court appeal. (.7)

    05/29/2007    Review case filings from U.S. Bankruptcy Court and District Court for necessary activity. (.3)

After the deductions noted above, which total 33.8 hours, the total reasonable hours expended on the appeal is 158.7 hours.

**C. Lodestar Calculation**

Multiplying the reasonable hours expended by the reasonable hourly rates yields the following lodestar number:

| Hours | Rate Per Hour | Total |
|---|---|---|
| 125 | $150 | $18,750.00 |
| 33.7 | $175 | $5,897.50 |
| **TOTAL** | | **$24,647.50** |

4

## II. Expenses

Defendants seek $1,096.86 for expenses they incurred in defending the appeal that were not taxable as costs. These expenses are for lodging ($457.10), meals ($111.26), airfare ($527.50), and parking ($1.00) incurred by Defendants' counsel to travel to Denver to attend oral argument on the appeal. These expenses are reasonable and will be awarded to Defendants.

## III. Costs

The Tenth Circuit awarded Defendants double costs in the amount of $296.84.

## IV. Gross Receipts Tax

The Court will exercise its discretion to award New Mexico gross receipts tax at a rate of 7% on Plaintiff's reasonable attorney's fees, which increases the total award by $1,725.33. *See* NMSA 1978 § 7-9-1; *Mares v. Credit Bureau of Raton*, 801 F.2d 1197 (10th Cir. 1986) (approving award of gross receipts tax).

## V. Total Award

The total award to Defendants consists of $24,647.50 in attorney's fees, $1,096.86 in expenses, $296.84 in costs, and $1,725.33 in gross receipts tax, for a total of $27,766.53.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Wells Fargo and Fairbanks' Application for Award of Attorney's Fees and Expenses With Consolidated Memorandum Brief, filed May 23, 2007, **[Doc. No. 239]**, is hereby **GRANTED.** Defendants are awarded attorney's

fees, expenses, and costs in the amount of $27,766.53.  Per Tenth Circuit Order, this amount must be paid personally by Michael Bello, Plaintiffs' attorney.

Dated this 18th day of September, 2007.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
  Michael Bello, Esq.

Attorney for Defendants:
  Dylan O'Reilly, Esq.